(51 Misc. Rep. 424.)

## CITY OF NEW YORK v. ACKERMAN.

(Supreme Court, Trial Term, New York County. September, 1906.)

Costs—Rights on Dismissal.

Where a summons is served, and defendant's name as stated therein is the same as that of the person served, except that his middle name or the initial thereof is omitted in the summons served, such person is justified in defending; and, where it appears on the trial that he is not the person against whom the cause has existed, he is entitled, on dismissal, to costs.

Action by the city of New York against Herbert S. Ackerman. Dismissed, with costs.

John J. Delany, Corp. Counsel, for plaintiff.
David Ross, for defendant.

BLANCHARD, J. The plaintiff herein served one Herbert S. Ackerman with a summons and complaint in which the defendant was described as "Herbert Ackerman," and in which judgment was asked against the defendant for the amount of a tax unpaid on an assessment against him. Herbert S. Ackerman, the person served, put in an answer denying the allegations of the complaint, including the fact of the assessment; and upon the trial it was shown that the assessment was made, not against Herbert S. Ackerman, but against another Herbert Ackerman. The complaint having been dismissed, the question arises whether the dismissal shall be with costs.

Since the law disregards middle initials in names, the service of Herbert S. Ackerman with a summons addressed to Herbert Ackerman constituted a valid service on Herbert S. Ackerman, and conferred jurisdiction over him. The person served must rely for the description of the defendant upon the description contained in the summons, and not upon matter contained in the complaint, or on directions writ-

ten for the benefit of the process server upon the outside of the papers. Any other rule would permit a defendant, who could prove that any of the allegations in the complaint regarding him or his acts were untrue, to contend that he was, therefore, not the person intended to be served, and consequently not subject to the jurisdiction of the court. This case is clearly distinguishable from those cases where a party not properly described in the summons has officiously come in as defendant in the action. Smith v. Jackson, 12 N. Y. Civ. Proc. R. 428; Upham v. Cohn, 14 N. Y. Civ. Proc. R. 27. The summons in the present case properly described the person served, who therefore became the defendant in the present action, subject to the jurisdiction of the court, and in the event of judgment for the plaintiff he would have been liable upon said judgment. Since the present action was brought to recover a sum of money, the defendant is entitled to costs, of course, upon the dismissal of the complaint. Code Civ. Proc. § 3229. Section 934 of the Greater New York charter (Laws 1897, p. 333, c. 378) provides for the remission of costs in the discretion of the court in certain events where "the persons taxed" are unable to pay any tax. The present case, however, does not fall within the section last mentioned. Accordingly costs must be allowed to the defendant.

Ordered accordingly.