(121 App. Div. 400.)

## MURTHEY v. BURKE.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

COSTS—DISMISSAL FOR WANT OF PROSECUTION.

Code Civ. Proc. § 822, provides that, where plaintiff unreasonably neglects to proceed in an action, the court may dismiss the complaint, and render judgment accordingly. Section 3228, subd. 4, gives costs to plaintiff as of course on final judgment, where the complaint demands judgment for a sum of money only. Section 3229 provides that defendant shall have costs of course in an action specified in the preceding section, unless the plaintiff is entitled to costs as therein prescribed. Section 3230 limits the discretion of the court in awarding costs to actions other than those prescribed in the preceding two sections. Held that, where a complaint demanding judgment for a sum of money only was dismissed on defendant's motion for lack of prosecution of the action, defendant was entitled to costs.

Appeal from Special Term, Westchester County.

Action by William H. Murthey against Dominic U. Burke. From so much of an order as denied costs to defendant on dismissal of the complaint, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, GAYNOR, and RICH, JJ.

Michael J. Joyce, for appellant.

HIRSCHBERG, P. J. The action was commenced in the month of August, 1906, by the service of a summons, together with a notice that, upon default, judgment would be taken against the defendant for a specified sum of money, with costs. The defendant duly appeared by attorney and demanded a copy of the complaint. The complaint was never served, and in November, 1906, the defendant moved for a dismissal of the complaint, with costs, for want of prosecution of the action. The motion was opposed by the plaintiff's attorney, but no affidavit was filed explaining or excusing the delay, and the court at Special Term dismissed the complaint without costs. The appeal is from that provision of the order which denies the defendant costs on the granting of the dismissal.

The order cannot be sustained. It is provided by section 822 of the Code of Civil Procedure that, where a plaintiff unreasonably neglects to proceed in an action, the court may, in its discretion, upon application of the defendant, dismiss the complaint and render judgment accordingly. The discretion having been exercised in favor of the defendant, judgment in his favor necessarily follows. The judgment is a final one, and, by virtue of the provisions of sections 3228 and 3229 of the Code of Civil Procedure, costs belong to the defendant as a matter of right. This was held many years ago in Tillspaugh v. Dick et al., 8 How. Prac. 33; Parker, J., saying (page 33):

"The dismissal of the complaint was a judgment in favor of the defendant, and entitled him to recover whatever items of costs are given him by the Code for services rendered."

It is to be assumed from the notice served with the summons that, had a complaint been served, the demand for relief would have been limited to a demand for a money judgment. That being so, it is immaterial for the purpose of the question under consideration whether the action be legal or equitable. Murtha v. Curley, 92 N. Y. 359, 361. Subdivision 4 of section 3228 of the Code of Civil Procedure gives costs to the plaintiff as of course on final judgment where the complaint demands judgment for a sum of money only. Section 3229 provides that the defendant shall have costs of course in an action specified in the preceding section, unless the plaintiff is entitled to costs as therein prescribed; and, by section 3230, the discretion of the court in awarding costs is limited to actions other than those prescribed in the preceding two sections. It necessarily follows that the court was without power to order judgment in favor of the defendant in this action without granting him the costs to which he is entitled as of right.

The order, in so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs of the action and $10 costs of the motion. All concur.