(159 App. Div. 602.)

### WEBER BUNKE LANGE COAL CO. v. CHELLBORG.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

Costs (§ 48*)—Right to Costs—Dismissal.

Code Civ. Proc. § 3228, subd. 4, provides that plaintiff is entitled to costs of course on the rendering of a final judgment in his favor in an action, other than one specified in the foregoing subdivisions of the section, in which the complainant demands damages for a sum of money only; and section 3229 provides that defendant is entitled to costs of course on the rendition of a final judgment in an action specified in the

preceding section, unless plaintiff is entitled to costs as therein provided. *Held* that, where the court dismissed the complaint at the close of the whole case, the dismissal amounted to the direction of a verdict for defendant, and, being final, defendant was entitled to costs as of right, whether the judgment was on the merits or not.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 206; Dec. Dig. § 48.*]

Appeal from Special Term, New York County.

Action by the Weber Bunke Lange Coal Company against Cornelius S. Chellborg, doing business as C. S. Chellborg & Co. From so much of a judgment dismissing the complaint as refused costs, defendant appeals. Modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

L. E. Warren, for appellant.
John H. Emmerich, for respondent.

McLAUGHLIN, J. Action to recover the purchase price of goods sold and delivered. The court denied defendant's motion to dismiss the complaint, made at the close of plaintiff's case, and at the close of the whole case assumed to dismiss the complaint, without costs. The dismissal, in effect, amounted to the direction of a verdict for the defendant. Judgment was entered accordingly, and defendant appeals from so much thereof as adjudged "that the defendant recover no costs of this action."

The right to costs is statutory, and depends in the present case on the provisions of section 3228, subd. 4, and section 3229, of the Code of Civil Procedure. Whether the judgment is upon the merits or not, it is a final one, because it terminates the action, and the defendant consequently had an absolute right to costs. Murthey v. Burke, 121 App. Div. 400, 106 N. Y. Supp. 98. The fact that the judgment does not bar a subsequent action for the same cause of action in no wise affects the defendant's right to costs in this action, which has terminated in his favor.

The judgment, therefore, should be modified, with costs to the appellant, so as to adjudge that defendant recover the costs of the action, to be taxed by the clerk. All concur.