## LEAP v. ASSOCIATED OPERATING CO.

(Supreme Court, Appellate Division, Second Department.   March 29, 1912.)

DISMISSAL AND NONSUIT (§ 60*)—INVOLUNTARY—FILING NOTE OF ISSUE.

The case was noticed by both parties for the May term and appeared upon the June trial term calendar, but a new calendar was ordered to include the cases then on the calendar untried and was made up for the term commencing Monday of October, 1911, and the complaint was dismissed for plaintiff's alleged failure for about two months after the new calendar was made up to have the case placed thereon, during which time junior issues had been reached and disposed of. The moving affidavit of defendant's attorney alleged that plaintiff's case was not on the 1911 calendar, and that the clerk in deponent's office informed him that the calendar clerk told him that no new note of issue was filed as required when the new calendar was made up. The managing clerk deposed about August, 1911, he filed with the clerk a note of issue, filed together with some 150 other notes of issue. *Held*, that there was no such unreasonable neglect by plaintiff in prosecuting the action by failure to note the case for issue on the new calendar as would justify dismissal under Code Civ. Proc. § 822.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from Special Term, Kings County.

Action by John Leap against the Associated Operating Company. From an order dismissing the complaint, plaintiff appeals. Order reversed, and motion to dismiss denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Henry M. Dater (George F. Elliott and Jay S. Jones, on the brief), for appellant.

Charles McG. Roberts, for respondent.

WOODWARD, J.   I am unwilling to hold that, under the circumstances disclosed by the record now before us, the discretion vested in the Supreme Court of the state of New York has been properly exercised in dismissing the plaintiff's complaint for want of due diligence in the prosecution of the same. Issue was joined on the 29th day of March, 1909, and if the order appealed from is sustained, the plaintiff, who alleges a good cause of action, is deprived of any opportunity of presenting his case, for the reason that the statute of limitations has run against the cause of action. The case was noticed by both parties for the May term of the Supreme Court for the year 1909, and appeared upon the general Trial Term calendar under the number 5842. By an order of the court a new calendar, to include the cases then on the general calendar untried, and not otherwise disposed of, was made up for the term commencing with the first Monday of October, 1911, and the failure of the plaintiff to have his case upon this calendar without effort to secure its position for a period of about two months, with the further fact that junior issues have been reached and disposed of, is the foundation for the order now before us on appeal.

The moving affidavit of defendant's attorney alleges that he has examined the calendar for the year 1911, and that the plaintiff's case is not on said calendar, and that:

"Deponent has caused inquiry to be made by a clerk of his office, and said clerk informs him that the calendar clerk of this court told him that the reason why this case is not now upon the Trial Term calendar of this court is that no new note of issue was filed when the present calendar was made up, as required by the rules and practice of this court."

There is no affidavit of any clerk in the deponent's office that he made the inquiry or that he was told this; simply the affidavit of the deponent that some unnamed clerk had told deponent that the calendar clerk had told him that the plaintiff had failed to file a note of issue. Edwin A. Williams, managing clerk in the office of plaintiff's attorney, in an affidavit opposing the motion, says:

That on or about "August, 1911, your deponent prepared and caused to be filed with the clerk of this court a note of issue for the purpose of having this case appear upon the new October calendar of this court. That together with the filing of this note of issue there were some 150 other notes of issue. That deponent is absolutely certain that this case was filed with the others. That his records and his check marks on his whole calendar verifies that fact."

There is no answering affidavit, and this positive statement of the managing clerk, under oath, that he filed the note of issue on time and for the purpose of having the case appear upon the October calendar, is not contradicted. The statement is not improbable, and no reason is suggested why the court should not accept the statement as being true. The plaintiff having taken the proper steps to have the case upon the calendar, there was no reason to assume that it would not appear, and the managing clerk swears that the first intimation he had that the case was not upon the calendar was when he came to check up his cases after the new calendar was printed, which may be assumed to have been at or near the time of the opening of the October term of court, and the defendant's moving papers are verified on the 29th day of November, 1911.

It may be conceded that a very diligent lawyer, with but a few cases on his hands, might have proceeded with greater diligence in an effort to get his case upon the calendar after the discovery that it was not there; but in view of the affidavit of the managing clerk that this note of issue was one of 150 filed with the calendar clerk, it hardly seems as though it was a proper exercise of the discretion given by section 822 of the Code of Civil Procedure, to dismiss the complaint upon the failure of the plaintiff to act for a period of two months. Certainly there was no lack of diligence, assuming the truth of the affidavit of the managing clerk, up to the October term of court. Every step necessary to preserve the plaintiff's rights had been taken. Issue had been joined, the case had been noticed for trial, and was upon the calendar. A new calendar was ordered made up, to contain the cases left over on the old calendar, and the plaintiff's attorney, through a managing clerk, had filed a note of issue. Nothing more could be done in the ordinary course of procedure until the calendar was issued and it became known that the case was not upon the calendar. No delay, no change of position on the part of the defendant, is shown,

up to this time. No delinquency whatever is suggested up to the time of the publication of the calendar, and, conceding that a more diligent effort might have been made, was there such an unreasonable neglect to proceed as is contemplated by section 822 of the Code of Civil Procedure? I think not. Except for the statute, there would be no limit to the time that a case might remain at issue, and the purpose of this provision was not to rob plaintiffs of their cause of action, but to prevent an unreasonable carrying of cases upon the calendar which were not designed to be tried. The fact that the calendars are crowded, and that it takes a long time to reach a case, is not to be charged against the plaintiff; the question is, not how long it has been since the issue was joined, but whether the plaintiff has unreasonably neglected to proceed. So far as the record shows, the plaintiff had been proceeding as fast as possible from May, 1909. He had reason to believe he was all right up to October, 1911, and then, finding a calendar made up without his case (and it does not appear that it could have been so placed as to be reached at any time prior to the motion of the defendant, though junior issues may have been disposed of), he is deprived of all his rights because his attorney did not act within a period of two months. I do not think this was ever the intent of the Legislature.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

All concur, except BURR, J., not voting.