### FRIEDMAN v. BORCHARDT et al.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. TAXATION (§ 691*) — FORECLOSING TAX LIEN — EXPENSES FOR SEARCHING TITLE.

Expenditures made in searching and examining title cannot be taxed as costs in an action to foreclose a tax lien, if such searches were not official, or not made by an abstract or title insurance company; Code Civ. Proc. § 3256, only providing for taxing, as costs, disbursements in making official searches and searches by abstract companies, etc.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1368; Dec. Dig. § 691.*]

2. COSTS (§ 3*)—STATUTORY COSTS.

While statutory costs are a matter of right, authority for a claimed item of costs must be found in the statute.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig. § 3.*]

3. TAXATION (§ 691*)—FORECLOSURE OF TAX LIEN—ALLOWANCE FOR SETTLEMENT.

Under the substantially direct provisions of Code Civ. Proc. § 3252, made applicable to actions to foreclose a tax lien by Greater New York Charter (Laws 1901, c. 466) § 1035, as amended by Laws 1908, c. 490, a plaintiff in an action to foreclose a tax lien, which was settled before judgment, is only entitled to one-half of the percentages allowed by section 3252 upon the amount found due.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1368; Dec. Dig. § 691.*]

Appeal from Special Term, New York County.

Action to foreclose a tax lien by Louis Friedman against Samuel Borchardt and others. From so much of an order of discontinuance as appoints a referee to ascertain the amount to which plaintiff is en-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

titled for expenses of searching and examining title, defendants appeal. Affirmed as modified.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry S. Mansfield and Merritt E. Haviland, both of New York City, for appellants.

Henry Franklin, of New York City, for respondent.

CLARKE, J.   This action was brought to foreclose a tax lien on real property sold by the city of New York pursuant to the provisions of chapter 17 of the Greater New York Charter (chapter 466 of the Laws of 1901, as amended by chapter 490, Laws of 1908), providing for the taxation and sale of land in the city of New York for unpaid taxes.

The plaintiff purchased the tax lien sought to be foreclosed from the city at public auction; the aggregate amount of said tax lien so transferred being $407.22.   Section 1035 of the Greater New York Charter as amended, supra, providing for the foreclosure of a tax lien, provides, inter alia, as follows:

"Except as otherwise provided in this title an action to foreclose a tax lien shall be regulated by the provisions of the Code of Civil Procedure and by all other provisions of law, and rules of practice applicable to actions to foreclose mortgages on real property."

The defendants, before service of summons had been effected upon all of the defendants, offered to pay the proper amount due upon said lien and the proper amount of costs and disbursements to obtain a discontinuance of the action and a canceling of said lien.   The plaintiff's attorney claimed as follows:

| | |
|---|---:|
| Principal ..................................................... | $407 22 |
| Costs | |
| For before trial........................................... | 25 00 |
| For service of summons.................................... | 3 00 |
| For filing lis pendens..................................... | 50 |
| For allowance on settlement............................... | 30 36 |
| For search, unofficial and not made by a title company.... | 75 00 |
| For examination of title.................................... | 125 00 |
| | $666 08. |

The defendants objected to the $200 for search and examination of title and to the allowance on settlement of $30.36, claiming that under the act in a settlement of foreclosure, the amount involved being only $407.22, plaintiff is only entitled to $15.18.

The plaintiff's attorneys having refused to accede to the defendant's views, the defendants made a motion for an order of discontinuance upon payment of the amount of the lien and taxable costs.

Thereupon the court made an order that the case be discontinued upon the payment of the principal of said tax lien and the statutory costs and allowances to be taxed, and appointed a referee to ascertain the amount to which the plaintiff is entitled for the expense of searching and examining the title to the property sought to be foreclosed. From the latter part of the order the defendants appeal.

[1, 2] In our opinion the disbursements claimed for the search and for the examination of title cannot be taxed. Section 3256 of the Code of Civil Procedure provides what disbursements are to be included as necessary disbursements in a bill of costs. Official searches are there provided for, and those made by title insurance, abstract, or searching companies, organized and doing business under the laws of this state. There is no claim that the search here in question was official or made by such company. Statutory costs are a matter of right, but authority for an item claimed must be found in the statute. As certain kind of searches are specifically provided, no others are to be included; expressio unius, exclusio alterius.

[3] In reference to the claim of $30.36 for "allowance on settlement," section 3252 of the Code of Civil Procedure provides:

"Where the action is brought to foreclose a mortgage upon real property, * * * the plaintiff, if a final judgment is rendered in his favor, and he recovers costs, is entitled to recover, in addition to the costs prescribed in the last section, the following percentages, to be estimated upon the amount found to be due: * * * Upon a sum, not exceeding two hundred dollars, ten per centum. Upon an additional sum, not exceeding four hundred dollars, five per centum. Upon an additional sum, not exceeding one thousand dollars, two per centum. Where such an action is settled before judgment, the plaintiff is entitled to a percentage upon the amount paid or secured upon the settlement, at one-half of those rates."

This action having been settled before judgment, plaintiff is only entitled to one-half of the amount claimed, to wit, $15.18.

The order appealed from should be modified by providing that the action be discontinued upon the payment of the principal of said tax lien and the statutory costs and allowances amounting to $43.68, and as so modified affirmed, with $10 costs and disbursements to the appellants. All concur.

---

### In re HOFFMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

TAXATION (§ 861*)—TRANSFER TAX—TRANSFERS TAXABLE.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

---