(88 Misc. Rep. 551)

### JUNK v. MOORE.

(Supreme Court, Appellate Term, First Department. January 7, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DISMISSAL OF ACTION—CASE RESERVED.

Under the Municipal Court Act (Laws 1902, c. 580), a case marked "Reserved generally," which has never been restored to the trial calendar, is not subject to a motion for dismissal, as, until a case is moved before a trial justice for trial, there is no power to entertain a motion to dismiss.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 188*)—MUNICIPAL COURTS—LIMITED JURISDICTION.

The Municipal Court is a court of limited jurisdiction, and possesses no powers other than those conferred by the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—DISMISSAL—APPLICATION OF STATUTE.

Code Civ. Proc. § 822, part of chapter 8, which by section 3347, subd. 6, is made to apply only to proceedings taken in the courts specified, of which the Municipal Court is not one, does not apply to Municipal Courts, so as to authorize the dismissal of a case marked "Reserved generally."

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—DISMISSAL—APPLICATION OF STATUTE.

Code Civ. Proc. § 822, is not made applicable by a provision of the Municipal Court Act providing that the provisions of the Code of Civil Procedure should apply where applicable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Daniel M. Junk against James L. Moore. From a judgment dismissing the complaint for failure to prosecute, plaintiff appeals. Reversed, and motion to dismiss denied, with leave to either party to move that case be placed on day calendar.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Thompson & Ballantine, of New York City (John F. O'Neil, of New York City, of counsel), for appellant.

P. Henry Delehanty, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff herein appeals from a judgment dismissing the complaint for failure to prosecute. The case had previously been marked "Reserved generally," and had never been restored to the trial calendar, although apparently the plaintiff's attorney, shortly before the motion to dismiss was made, had attempted to make a motion for this purpose, but had erroneously entitled his motion papers. Aside from any question of whether the court was justified, in the exercise of a proper discretion, in granting the motion to dismiss under such circumstances, I am of the opinion that the court erred, because it had no jurisdiction to consider the motion. Under the Municipal Court rules either party could move to restore a cause from the calendar of cases marked "Reserved generally" to the day calendar, and if upon the day set for trial the plaintiff is not ready the trial justice has undoubted power to dismiss the complaint. Until, however, a case is moved before a trial justice for trial, I can find no power in the court to entertain a motion to dismiss.

[2, 3] The Municipal Court is, of course, a court of limited jurisdiction, and possesses no powers other than those conferred by the statute. Section 822 of the Code of Civil Procedure is the only statute which could possibly be construed as conferring this power on the court, but that section is part of chapter 8 of the Code, and it is specifically provided by subdivision 6, section 3347, of the Code, that chapter 8 applies only to proceedings taken on and after the 1st day of September, 1877, in an action or special proceeding in one of the courts specified in subdivision 4 of the section. The courts specified in subdivision 4 of the same section, as amended in 1913, are "courts of record," but previous to that amendment were "the Supreme Court, the City Court of the City of New York, or a County Court." Obviously the Municipal Court is not one of the courts specified.

[4] It is claimed, however, that in spite of this limitation, placed by the Code upon the cases to which section 822 is applicable, it is nevertheless applicable to all cases brought in the Municipal Court by virtue of the provisions of the Municipal Court Act that:

"The provision of the Code of Civil Procedure and rules and regulations of the Supreme Court as they may be from time to time shall apply to the Municipal Court as far as the same can be made applicable and are not in conflict with this act."

It seems to me, however, quite plain that, where the Code has specifically provided that a section is applicable only to specific courts, such provision constitutes a direct limitation of the section itself, and the mere fact that the Legislature thereafter created a new court and declared in general language that the provisions of the Code, so far as the same can be made applicable, apply to such new court, is I think insufficient to permit us to infer that the section whose application has been expressly limited to other specified courts is also applicable to the new statutory court.

This court has, in all cases where the matter was squarely presented to it, so held; but the defendant urges that this view is opposed to the decision of the Appellate Division of the Second Department in the case of Maune v. Unity Press, 139 App. Div. 740, 124 N. Y. Supp. 504. In that case it is true the court held that section 547 of the Code of Civil Procedure applied to the Municipal Court, though it is a portion of chapter 6 of the Code, which, like chapter 8, is applicable only to the courts specified in subdivision 4 of section 3347. I think that the opinion in that case, however, shows on the contrary that, in the absence of special circumstances, the Appellate Division of the Second Department is in accord with these views. The opinion is based expressly upon the special circumstances that section 547 of the Code was enacted after section 3347 was enacted and last amended, and after section 20 of the Municipal Court Act was enacted and went into effect, and that the Legislature therefore failed to show any clear intent to limit the application of its last enactment.

While as a matter of comity this court has followed the decision in that case, it has no application to the facts before us, for section 822 of the Code of Civil Procedure in substance antedates section 3347 of the Code, and that section has been amended in 1913, long after the Municipal Court Act became effective. It follows that section 822 is applicable only to the courts specified in the last amendment of subdivision 4 of section 3347, and is not applicable to the Municipal Court.

Order and judgment must therefore be reversed, with costs, and the motion to dismiss be denied, with leave to either party to move that the case be placed on the day calendar. All concur.