FRANCES DUNNE, Respondent, *v.* THE NEW YORK TELEPHONE COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Costs — who entitled to — appeal — judgments — Municipal Court Code, § 164.

A complaint alleged two causes of action and the verdict on one was in favor of defendant and on the other for plaintiff, who obtained a certificate from the trial justice that the substantial cause of action was the same on both issues and judgment was entered for plaintiff in the amount of the verdict in her favor, with costs. The court on appeal from the judgment and from an order denying defendant's motion to review said

certificate, sustained the verdict and held that the issues upon the two causes of action were not substantially the same, and directed the judgment modified by allowing the defendant costs on the verdict in its favor to be offset against the judgment in favor of plaintiff. Upon motion for a reargument, *held,* that plaintiff was entitled to costs as provided by section 164 of the Municipal Court Code without any offset of costs to the defendant; that the sections of the Code of Civil Procedure which provide for other and different costs are not applicable.

MOTION for reargument of an appeal from a judgment of the Municipal Court of the city of New York, borough of the Bronx, first district.

Charles T. Russell (Alexander Cameron, Arnold W. Sherman, Louis W. Arnold, Jr., of counsel), for appellant.

G. Arnold Moses, for respondent.

LEHMAN, J. The plaintiff herein alleged in her complaint two causes of action against the defendant. The jury brought in a verdict in her favor on the second cause of action for the sum of $100, and a verdict in favor of the defendant on the first cause of action. Thereafter the plaintiff obtained a certificate of the trial justice that the substantial cause of action was the same on both issues and a judgment was thereupon entered for the plaintiff for the amount awarded to her by the jury and appropriate costs. The defendant thereupon appealed from the judgment as well as from an order denying a motion of the defendant to review the certificate of the trial judge. After the argument on that appeal this court, in an opinion written by myself, held that the verdict of the jury should be sustained but that the issues upon the two causes of action were not substantially the same and therefore directed that the judgment should be modi-

fied by allowing the defendant costs on the first cause of action to be offset against the judgment in favor of the plaintiff on the second cause of action. The plaintiff thereupon moved for a reargument on the ground that section 3234 of the Code of Civil Procedure has no application to the Municipal Court and that the plaintiff is therefore entitled to costs as provided in the Municipal Court Code without any offset of costs to the defendant.

Upon the reargument I am inclined to the view that the plaintiff's contention is correct. Section 164 of the Municipal Court Code, in my opinion, was intended to cover the amount to be awarded as costs in every case and is complete in itself. It provides that: "In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the following sums as costs," and in addition to nine subsections providing for the amount of costs to be awarded in certain contingencies therein set forth, it further provides in subdivision 10: "To either party. Where no provision for costs is otherwise made, the court, in its discretion, may award a sum not exceeding ten dollars." Since therefore the legislature has made provision for costs in the Municipal Court in every possible contingency, the sections of the Code of Civil Procedure which provide for other and different costs are not applicable.

Under the provisions of the Municipal Court Code there can be but one judgment, and in this case the judgment is in favor of the plaintiff for the sum of $100 damages, and the costs follow that judgment. It is urged, however, that since the plaintiff was successful upon only one issue and the jury found in favor of the defendant upon the other issue, it is not strictly correct to say that either party is the prevailing party and consequently either section 164 of the Code which

provides for the allowance of costs to the " prevailing party " has no application or the plaintiff's costs should be limited under subdivision 12 of section 164 to the sum of $10. In my opinion this argument is not sound. An examination of the provisions of the Code of Civil Procedure and the Municipal Court Code shows that the legislature intended by the words " prevailing party " to designate that party in whose favor judgment is entered, even though the other party may have been successful in defeating the larger part of his claim. That construction seems to me to be quite clearly indicated by the verbiage especially of section 3234 of the Code which specifically provides that " if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party," and then continues, " Costs, to which a party is so entitled, must be included in the final judgment, by adding them to, or offsetting them against, the sum awarded to the *prevailing party;* or otherwise, as the case requires." The words " prevailing party " in this section of the Code can have no other meaning except the party in whose favor the judgment is entered and plainly the same meaning should be ascribed to the same language as used in the Municipal Court Code.

It follows that my opinion upon the previous argument is incorrect in so far as it provides for a modification of the judgment, and upon the reargument the judgment should be affirmed, with costs to the respondent.

WEEKS and FINCH, JJ., concur.

Judgment affirmed, with costs.