THE TRAVELERS INSURANCE COMPANY, Appellant, *v.* JOSEPH RABINOWITZ and Another, Respondents.

Supreme Court, Appellate Term, First Department, February 10, 1926.

**Municipal Court of City of New York — costs — Municipal Court Code, § 164, subd. 10, allows costs not exceeding ten dollars in absence of specific provision in said Code — defendant entitled to ten dollars costs on dismissal of plaintiff's complaint for failure to prosecute — said motion is not trial.**

Defendant is entitled to costs in the sum of ten dollars, pursuant to subdivision 10 of section 164 of the Municipal Court Code, upon the dismissal of plaintiff's complaint for failure to prosecute an action while it was on the general calendar of the Municipal Court of the City of New York under rule 22 of the Municipal Court Rules. A motion to dismiss for failure to prosecute is not a trial.

APPEAL by plaintiff from a judgment dismissing the complaint, with costs, and from an order denying plaintiff's motion to vacate such judgment as to costs.

*William J. Moran*, for the appellant.

*James S. Kleinman*, for the respondents.

DELEHANTY, J. This action was at issue on the complaint and answer on February 21, 1925. No notice of trial was ever served.

The case was, therefore, on the general calendar of the court under rule 22 of the New York Municipal Court Rules. On November 12, 1925, the defendant moved under section 126 of the New York City Municipal Court Code for a dismissal of the action for neglect to prosecute the same. On November 18, 1925, the application not having been opposed was granted and "complaint dismissed without prejudice for failure to prosecute," and judgment directed accordingly. The defendant thereafter taxed the costs at thirty-five dollars and on November 20, 1925, entered judgment dismissing the complaint and for thirty-five dollars costs. The plaintiff thereupon moved to vacate the judgment for costs, which motion was denied.

The plaintiff seeks a review of such determination on the appeal now before us. The court below in determining the motion to vacate, by an opinion in substance determined that the words "after issue joined and after trial, in Municipal Court Code, section 164, mean any disposition after issue joined except discontinuance," that "their meaning is not limited to cases where witnesses are examined and cross-examined, but that they cover dismissal on motion at opening of trial, inquest taken after answer, for non-appearance of defendant at trial, and other cases, citing *Pape* v. *Tomoor* (123 N. Y. Supp. 924) and *People ex rel. Kempner* v. *Wilson* (34 Misc. 273)." The cases so cited are not helpful to the determination of the question before us.

"Costs are regulated by statute" and unless the defendant can point to some statute giving him costs in a case like this he is not entitled to any. (*McKuskie* v. *Hendrickson*, 128 N. Y. 555.) "Statutory costs" are a matter of right but authority for an item claimed must be found in the statute. (*Friedman* v. *Borchardt*, 161 App. Div. 672.)

Formerly the Municipal Court had no jurisdiction to dismiss for failure to prosecute where the case had not been restored to the general calendar. (*Junk* v. *Moore*, 88 Misc. 551.) Section 164 of the Municipal Court Code provides in substance that "there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the following sums as costs  *  *  *." Subdivision 7. "To the defendant. Where the defendant recovers judgment after trial  *  *  *." It was under this subdivision that the defendant evidently taxed his costs. There is no question that under section 1475 of the Civil Practice Act the defendant would have been entitled of course to costs of the action had this action been brought in a court in which such provision applied. Section 1475 of the Civil Practice Act provides in substance that the defendant is entitled to costs of course "upon the rendering of

final judgment   *   *   *   unless the plaintiff is entitled to costs." There is a substantial distinction between the provisions of section 164 of the Municipal Court Code and section 1475 of the Civil Practice Act.   Under the provisions of section 164 of the Municipal Court Code it is not alone the rendering or recovery of a final judgment that carries costs, of course, but the recovery of a judgment " *after trial.*"   It is unnecessary on this appeal to specifically enumerate instances of the applicability of the words " after trial."   Be it enough that under the facts before us it be determined and we do so determine that the judgment in this case was not recovered " after trial."

Section 164 of the Municipal Court Code is very comprehensive and definite as to the instances in which costs are allowed the defendant.   In addition to subdivision 7 of such section it provides for half costs on the recovery of a judgment on the plaintiff's failure to appear.   (Subd. 8.)   In subdivision 9 half costs are allowed to defendant where the plaintiff discontinues before trial; but where the plaintiff discontinues during the trial full costs are allowed.   Subdivision 10 of such section provides that " where no provision for costs is otherwise made, the court, in its discretion, may award a sum not exceeding ten dollars."

In my opinion subdivision 10 is applicable to the case before us.   A motion to dismiss a case for failure to prosecute is not a trial.   As said by the court in *Leap* v. *Associated Operating Co.* (149 App. Div. 859), " except for the statute there would be no limit to the time that a case might remain at issue and the purpose of this provision [section 822 of the Code of Civil Procedure] was not to rob plaintiffs of their cause of action, but to prevent an unreasonable carrying of cases upon the calendar which were not designed to be tried."   The court in *Tillspaugh* v. *Dick* (8 How. Pr. 33, 34) said: " The dismissal of the complaint was a judgment in favor of the defendant and entitled him to recover whatever items of costs are given by the Code for services rendered.   *   *   * It was claimed that $12 should have been allowed as a trial fee on the dismissal of the complaint.   But there was no trial.   A trial is the judicial examination of the issues between the parties (Code [of Procedure], § 252).   Here was no examination whatever of the issues, but the bill was dismissed merely because the plaintiff had neglected to bring the issues to trial."   (See, also, following cases in which *Tillspaugh* v. *Dick* was cited:   *Wetzler* v. *Silverman,* 123 N. Y. Supp. 794; *Murthey* v. *Burke,* 121 App. Div. 400.   See, also, *Yorke Waist Co.* v. *Rainbow,* 154 N. Y. Supp. 990.)

It must be remembered, however, that the *Tillspaugh* case and the other cases cited were decisions under the Code of Procedure

or the Code of Civil Procedure and, therefore, costs were allowed of course on the recovery of the judgment by defendant. The court in the *Tillspaugh* case expressly held, however, that the dismissal of the action for failure to prosecute *was not a trial.*

Judgment modified by reducing the award of costs to the sum of ten dollars, and as so modified affirmed, with ten dollars costs to appellant.

All concur; present, Bijur, Delehanty and Wagner, JJ.