AGNES LANE, Plaintiff, *v.* THE MIRROR and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, May 7, 1929.

*Daniel Mungall*, for the defendant Rockford Dairy, Inc.

*Alfred W. Andrews*, for the defendant the Mirror.

SULZBERGER, J. This action was brought against defendant Mirror to recover the sum of $1,000 for personal injuries. Defendant Mirror, on motion, brought into the action the defendant Rockford Dairy, Inc. After trial before the court and a jury, a verdict was rendered in favor of defendant Rockford Dairy, Inc., and in favor of the plaintiff against defendant Mirror in the sum of $100. Without notice to defendant Rockford Dairy, Inc., judgment was entered in favor of plaintiff against the defendant Mirror for the sum of $117. Thereafter defendant Rockford Dairy, Inc., entered another judgment in its favor against defendant Mirror for $68.45. Defendant Mirror moved to vacate the latter judgment, and the same was vacated on the ground that there can be but one final judgment in an action. (Cf. *German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416; *Kriser* v. *Rodgers*, 195 id. 394.)

Defendant Rockford Dairy, Inc., now moves to amend the judgment so that it should provide for costs in its favor against defendant Mirror.

The point is made that the motion is not timely, in that more than twenty days have elapsed since the entry of the judgment. (Mun. Ct. Code, § 129, subd. 3.) This contention is untenable. Each of the parties to this action appeared by an attorney. Hence it was improper to enter the judgment without notice to defendant Rockford Dairy, Inc., and its time to move to amend the judgment has not been limited. (Cf. Mun. Ct. Code, § 125; Mun. Ct. Rule 33; *McIntyre* v. *Borrero*, 127 Misc. 149; *Unger* v. *Herscovitz*, 133 id. 753.) As between themselves, defendant Mirror, having vouched in the defendant Rockford Dairy, Inc., the former must be regarded as a plaintiff and the latter as a defendant. On the other hand, in estimating the costs which defendant Rockford Dairy, Inc., is entitled to recover, it is obvious that, at the instance of defendant Mirror, the other defendant was subjected to the peril of a judgment against it, and in favor of the plaintiff, in the sum of $1,000.

As I view it, there is ample authority in the statute (Mun. Ct. Code, § 164, subd. 7) to support the taxation of costs against defendant Mirror and in favor of defendant Rockford Dairy, Inc., based on the plaintiff's demand in the summons (Cf. *Kohlberg* v. *Halloran*, 133 Misc. 304), and the judgment should be amended accordingly. Motion granted. Settle order on notice.