MORRIS LEFKOWITZ, Plaintiff, *v.* STRYKER ARMS CORPORATION and HARRY BERNSTEIN, Defendants.

Municipal Court of New York, Borough of Manhattan, Eighth District, January 24, 1936.

*Milton Isaacson*, for the plaintiff.

*Louis L. Liebloff*, for the defendants.

LEWIS (DAVID C.), J. This is an action to recover for work, labor and services which the plaintiff alleged were rendered and performed for the defendants. It appears that the work was ordered by one Harry Bernstein, an officer and managing agent of the defendant corporation (undoubtedly a close corporation). Apparently the plaintiff, uncertain of the person responsible or answerable for the payment, made both the individual and the corporation party defendants. Upon the trial before a jury, at the close of the plaintiff's case, a motion of the corporate defendant

to dismiss was granted. No application or award for costs was made. The case proceeded to trial, resulting in a verdict and a judgment in favor of the plaintiff against the individual defendant.

After the trial the corporate defendant taxed costs and entered a judgment for the same against the plaintiff.

This motion is now brought on for an order vacating and setting aside the judgment for costs so entered.

The cry for simplification in the court continues to be uttered. Is it fully heard and duly heeded? It would seem that even in our court the rules are not being reduced or condensed. This thought should make it a happy duty to do one's bit to stem the tide.

To that end let us sustain the rule that the Municipal Court Code was intended to completely cover the matter of costs.

" Section 164 of the Municipal Court Code, in my opinion, was intended to cover the amount to be awarded as costs in every case and is complete in itself." (*Dunne* v. *New York Telephone Co.*, 107 Misc. 439, 440, at p. 441.)

Unless a party is entitled to costs under the provisions of section 164, he cannot seek them under the provisions of the Civil Practice Act. Justice neither requires nor recommends such a course.

Under the Municipal Court Code, a codefendant who secures a dismissal of a complaint while the plaintiff prevails against another defendant, is not given any absolute right to costs.

For the only provision for such a situation is subdivision 10 of section 164, which reads: " 10. To either party. Where no provision for costs is otherwise made, the court, in its discretion, may award a sum not exceeding ten dollars."

In the absence of such an allowance by the court, this defendant could not claim costs.

" Since therefore the legislature has made provision for costs in the Municipal Court in every possible contingency, the sections of the Code of Civil Procedure which provide for other and different costs are not applicable." (*Dunne* v. *New York Telephone Co.*, *supra*, at p. 441.)

But there is not even room for misgivings, for to read this meaning into the Municipal Court Code harmonizes it with the Civil Practice Act. (See Civ. Prac. Act, §§ 1476, 1477.) It is plain that subdivision 10 of section 164 has been inserted and retained in the Municipal Court Code to cover the cases not specifically provided for by the other distinct subdivisions of that section. And if such was the simple intention, let us neither confuse nor complicate it.

The motion is, therefore, granted.

Settle order on one day's notice.