MAX LEFKOWITZ, Respondent, *v.* STRYKER ARMS CORPORATION, Appellant, Impleaded with HARRY BERNSTEIN, Defendant.

Supreme Court, Appellate Term, First Department, July 13, 1936.

*Louis L. Liebhoff*, for the appellant.

*Milton Isaacson*, for the respondent.

PER CURIAM. On the trial of this action against two defendants represented by the same attorney appellant-defendant obtained a dismissal of the complaint, and judgment was directed for plaintiff against the co-defendant. Appellant appeals from an order vacating judgment for costs awarded him as a prevailing party under subdivision 7 of section 164 of the Municipal Court Code.

While it appears from the opinion written by the justice below (158 Misc. 1) that he correctly held (*Dunne* v. *N. Y. Telephone Co.*, 107 Misc. 439) that section 164 of the Municipal Court Code covers the amount to be awarded as costs in every case and is complete in itself, the justice vacated the judgment for the reason that the only provision for costs in the situation presented is sub-

division 10 of that section, which enacts that " where no provision for costs is otherwise made, the court, in its discretion, may award a sum not exceeding ten dollars."

We do not agree with that construction of the statute. In our opinion appellant was a prevailing party within the meaning of section 164 , and is entitled to costs as of course under subdivision 7. This view seems in accord with the decision of the Appellate Term of the Second Department in *Greenberg* v. *Sanford Garage Co., Inc.* (N. Y. L. J. May 16, 1936, p. 2526).

Order reversed, with ten dollars costs, and judgment reinstated.

All concur. Present — LEVY, CALLAHAN and FRANKENTHALER, JJ.