ANNA CHRIST, Plaintiff, *v.* CONSTANTINE ALLARD and Another, Partners Doing Business under the Firm Name and Style of ALLARD & KRISCH, and Another, Defendants.

Municipal Court of New York, Borough of Queens, Third District, January 14, 1937.

*Louis J. Halbert*, for the plaintiff.

*Abraham L. Singer*, for the defendants.

Morris, J. This is a motion made by the plaintiff for an order amending a judgment in the above-entitled action in favor of the defendants Allard and Krisch by striking therefrom the allowance of costs of thirty-one dollars. On December 23, 1936, the defendants Allard and Krisch made a motion to dismiss plaintiff's amended complaint on the ground that said complaint did not state facts sufficient to constitute a cause of action as to those two defendants pursuant to rule 106, subdivision 5, of the Rules of Civil Practice and section 476 of the Civil Practice Act. This motion was granted and the order granting the motion reads as follows: " On the foregoing papers this motion to dismiss amended complaint as to defendants Allard and Krisch is granted." Thereafter on October 8, 1936, a judgment was entered in favor of the defendants Allard and Krisch in the sum of thirty-one dollars predicated upon the amount demanded in the complaint pursuant to section 164, subdivision 7, of the Municipal Court Code.

The Appellate Term in this department has held that a defendant is not entitled to costs as upon a trial where a complaint is dismissed on motion, on the ground that the court had no jurisdiction (*Mitchell* v. *New York Eskimo Pie Corporation*, No. 892, Dec., 1931, term) when the motion is made before the trial and not made upon a trial. Again, where a motion to dismiss for lack of jurisdiction is made upon the trial the defendant is entitled to costs as upon a trial (*Cohen* v. *Kaplan*, N. Y. L. J. April 15, 1931, p. 296); and where a complaint is dismissed upon a motion on the ground there was a prior action pending undetermined and the motion was made previous to the trial, defendant is not entitled to costs as upon a trial. (*Buannana* v. *Kushner*, N. Y. L. J. Oct. 14, 1935, p. 1269; *Viggiano* v. *Cohen*, Id. Oct. 5, 1935, p. 1144.)

A Municipal Court decision (*Weinberg* v. *Graf*, 140 Misc. 51) in the First Department holds that a defendant when granted a motion to dismiss on the ground that another action is pending, is entitled to a full bill of costs. The Appellate Term, First Department, in *Lapof* v. *Rigerman* (126 Misc. 569), holds that a dismissal *at the trial* for lack of jurisdiction is a disposition after trial carrying statutory costs within section 164, subdivision 7, of the Municipal Court Code, and the said Appellate Term has held (*Travelers Insurance Co.* v. *Rabinowitz*, 126 Misc. 555) that a motion to dismiss under the Municipal Court Code, section 126, for failure

to prosecute is not a trial within section 164, subdivision 7, but that costs are to be taxed under subdivision 10, authorizing ten dollars costs, and that costs can only be awarded when authorized by statute. The distinction drawn by the Appellate Term in the Second Department is that costs will be awarded as upon a trial where the disposition of the case was made upon a trial and where the dismissal of the complaint is secured by a motion made before trial the defendant is not entitled to a full bill of costs but only to such costs as the court will allow and which cannot exceed ten dollars under subdivision 10 of section 164 and section 167 of the Municipal Court Code.

In view of the language of Mr. Justice KEITH's order dismissing the amended complaint, and in view of the fact that no costs are allowed in that order, the defendants in the instant case cannot tax any costs. (*Schupper* v. *Bonnano*, N. Y. L. J. June 20, 1936, p. 3166, App. Term, 2d Dept.)

The motion of the plaintiff, therefore, is granted and a judgment heretofore entered is modified upon the law by striking therefrom the provision awarding costs to the defendants.