BAKERS' MERCANTILE ALLIANCE, INC., Respondent, *v.* KATZ BROS. BAKING CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, June 3, 1937.

*Jacob S. Schneider,* for the appellant.

No appearance for the respondent.

PER CURIAM. Plaintiff sued to recover $231.25, and defendant counterclaimed for $828.

After trial the complaint was dismissed, and defendant thereupon, without introducing proof, discontinued on the counterclaim.

Defendant entered judgment in its favor for twenty-eight dollars, under subdivision 7 of section 164 of the Municipal Court Code. On plaintiff's motion for retaxation the justice vacated the judgment and directed entry of judgment for plaintiff in the sum of twenty-five dollars, thus apparently allowing costs to plaintiff upon defendant's discontinuance and offsetting defendant's costs upon the dismissal of the complaint, and awarding plaintiff judgment for the balance. (*Stier* v. *Industrial Rediscount Corp.,* 137 Misc. 45.)

As the right to costs is statutory and in Municipal Court litigation it is regulated exclusively by section 164 of the Municipal Court Code, the retaxation must be justified by its provision. That section provides specifically for the cases in which costs

may be awarded " to the plaintiff " or " to the defendant " or " to either party;" and while subdivision 9 sanctions the award of costs to a defendant on plaintiff's discontinuance we find no provision in the section for the granting of costs to plaintiff upon the discontinuance of a counterclaim. It would seem, therefore, that, where defendant discontinues, as in this case, plaintiff must be referred to subdivision 7 — " to either party. Where no provision for costs is otherwise made, the court, in its discretion, may award a sum not exceeding $10."

It follows that the order must be reversed and original judgment reinstated.

All concur. Present — LEVY, HAMMER and CALLAHAN, JJ.