JOHN J. NUNNERY and Another, Plaintiffs, *v.* BOBROSE DEVELOPMENTS, INC., and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendants.

Municipal Court of New York, Borough of Queens, Sixth District, July 6, 1937.

*Thomas J. Callan,* for the plaintiffs.

*Saulbury & D'Auria,* for the defendant Bobrose Developments, Inc.

*H. E. Almberg,* for the defendant Consolidated Edison Company of New York, Inc.

PETTE, J.   This action was instituted by the plaintiff Mary F. Nunnery to recover the sum of $750 damages for personal injuries sustained by her because of the alleged negligence of the defendants. John J. Nunnery, her husband and coplaintiff herein, sued to recover the sum of $250 for alleged loss of her services.

After trial the jury returned the following verdict: $300 in favor of Mary F. Nunnery, $50 in favor of John J. Nunnery, and against the defendant Bobrose Developments, Inc.   The complaints were dismissed as against the codefendant, Consolidated Edison Company of New York, Inc.

The latter defendant entered a judgment for costs against the plaintiffs in the sum of sixty-one dollars.

The plaintiffs make the present motion to vacate this judgment or, in the alternative, to reduce it to the sum of forty-five dollars.

I am of the opinion that the defendant Consolidated Edison Company of New York, Inc., is entitled to the sum of forty-five dollars as costs under the provisions of the New York City Municipal Court Code for the following reasons:

Section 164 of said Code (as amd. by Laws of 1936, chap. 840) provides in part:

" § 164 Sums allowed.

" Subdiv. 1. To the plaintiff.   Where, upon issue joined and after trial, the plaintiff recovers judgment: For an amount under fifty dollars, five dollars; for fifty dollars and under one hundred dollars, ten dollars; for one hundred dollars and under two hundred dollars, fifteen dollars; for every additional one hundred dollars or fractional part thereof, five dollars.   *   *   *

" Subdiv. 11a.   When two or more plaintiffs join in one complaint, the plaintiffs jointly shall be entitled to recover only one bill of costs against the defendant at the rates prescribed in subdivision one of this section, based upon the amount of the largest individual recovery; *where the defendant is successful* in such action, a single bill of costs shall be awarded to him against all coplaintiffs jointly, at the rates prescribed in subdivision one of this section, based upon the *largest* individual demand in the summons or complaint."

Since the largest demand in the summons was that of Mary F. Nunnery for $750, the defendant's costs, to which it is entitled as a matter of course, is the sum of $45 and not $61 as claimed by defendant Consolidated Edison Company of New York, Inc.

Judge LAUER in his standard treatise Municipal Court Practice (2d ed. p. 655) states the general rule in such cases to be that where a complaint is dismissed as to a defendant who answered separately, such defendant is entitled to costs against the plaintiff without the permission of the court, notwithstanding plaintiff is entitled to costs against one or more of the defendants under section 1476 of the Civil Practice Act, since such section does not apply to the Municipal Court of the City of New York.

In the leading case on this point (*Cassesa* v. *New Star Boarding & Livery Stable*, 187 N. Y. Supp. 703) the plaintiff brought an action against two defendants. The complaint was dismissed as to one defendant and a recovery had as against the other and the successful defendant taxed costs against the plaintiff. The plaintiff's motion to retax costs was denied, that court holding that the dismissal of the complaint made the successful defendant the prevailing party and justified the taxation of costs in his favor.

At common law, where the plaintiff would, if successful, be entitled to costs as of course, it followed that if the complaint were dismissed, the defendant was entitled to costs as of course. (*Rugen* v. *Collins*, 8 Hun, 384.)

The general rule has been in other courts that the defendant is entitled to costs upon the dismissal of the plaintiff's complaint. This is true although the defendant's counterclaim is also dismissed. (11 Carmody's New York Practice, 104; *City of New York* v. *Ackerman*, 51 Misc. 424; *Murthey* v. *Burke*, 121 App. Div. 400; *Wetzler* v. *Silverman*, 123 N. Y. Supp. 794; *Weber Bunke Lange Coal Co.* v. *Chellborg*, 139 App. Div. 602; *Travelers Ins. Co.* v. *Rabinowitz*, 126 Misc. 555.)

These decisions have followed the general rule that in law actions the prevailing party is entitled to costs as a matter of right. In such cases the court has no discretion. Statutory costs are a matter of right, as in the instant case provided for in section 164 of the New York City Municipal Court Code. (*Friedman* v. *Borchardt*, 161 App. Div. 672; appeal dismissed, 214 N. Y. 711.)

Section 1476 of the Civil Practice Act has no application to the facts herein, although I am inclined to believe there is some merit to the argument that where an accident occurs involving three or more possible tort feasors it is only common sense for the attorney for the plaintiff to sue all of the defendants in order to protect the plaintiff's interests. This court, however, has no discre-

tion in the matter presented and must follow the statutory provisions.

Section 164 of the Municipal Court Code was intended to completely cover the amount to be awarded as costs in every case. (*Dunne* v. *New York Telephone Co.*, 107 Misc. 439, 440; *Lefkowitz* v. *Stryker Arms Corp.*, 158 id. 1.)

Under said section, either plaintiff or defendant may be a prevailing party, but not both. It is also an elementary proposition that there can be but one final judgment in the action. (Cf. *Royal Palace Realty Co.* v. *White*, 96 Misc. 678; *German-American Button Co.* v. *Heyensfeld*, 170 App. Div. 416; *Kriser* v. *Rodgers*, 195 id. 394.) The obvious intention of the statute was that costs should be apportioned to the peril to which the party is subjected. (*Kohlberg* v. *Halloran*, 133 Misc. 304.) The problem is solved when we identify the successful defendant, Consolidated Edison Company of New York, Inc., as the prevailing party and entitled to statutory costs in the sum of forty-five dollars.

Plaintiffs' motion is granted to reduce the judgment for costs herein to the said sum.