R. & A. BUILDING CORP., Plaintiff, *v.* HOWARD M. SONN and Another, Individually and as Copartners Doing Business under the Firm Name and Style of SONN-SAALBERG COMPANY, Defendants.

MORRIS KATZ MANAGEMENT, INC., Impleaded Defendant.

Municipal Court of New York, Borough of Bronx, Second District, April 13, 1938.

*Sidney M. Wittner*, for the defendants.

*Kadel, Van Kirk & Trencher*, for the impleaded defendant.

LEVY, J. Upon this motion the question to be determined is the propriety of the taxation of costs. A sues B for rent. In his answer B set up the defense of surrender and acceptance and eviction; and, pursuant to section 271 of the Civil Practice Act, B interposed a counterclaim against X (a third party), along with A. The counterclaim was based upon a claimed breach of an alleged agreement between B on the one hand and A and X on the other to sublet the premises for B. X was A's agent in the transaction giving rise to the cause of action upon which A sued B. The same attorneys appeared for both A and X, but a separate pleading was filed by X.

Upon the trial the jury rendered a verdict for B against A. The trial court set the verdict aside, and directed a verdict in favor of A against B. The counterclaim of B against A and X was dismissed. A thereupon entered judgment against B for the rent and the costs. X entered judgment against B for costs.

B moved to strike out the costs from the judgment entered by X against B. The motion was granted by the trial justice, who held that only one bill of costs will be allowed — that is, to A, and not also to X. This order was never appealed from.

B did appeal to the Appellate Term from the judgment entered upon the direction of the verdict in favor of A and from the dismissal of the counterclaim against A and X. The Appellate Term reversed the judgment in favor of A against B, reinstated the verdict of B against A, and affirmed the judgment of X against B.

Thereupon B entered judgment for costs against A; and X entered a judgment for costs against B. B now moves before me to strike out these costs of X against B. In my opinion the motion must be denied.

Section 1476 of the Civil Practice Act is cited by B in opposition to the claim to costs in favor of X. That section provides that where a plaintiff sues two or more defendants and is entitled to costs against one or more, but not against all of the defendants, none of the defendants is entitled to costs as of course; but the court

may, in its discretion, award costs to any defendant against whom plaintiff is not entitled to costs, where such defendant did not unite in answer and was not united in interest with the defendant against whom plaintiff is entitled to costs. In the present case X was not in all respects united in interest with A and did not unite in answer (reply to the counterclaim) with A. The fact that both A and X appeared by the same attorneys is not determinative. (*Lefkowitz* v. *Stryker Arms Corporation*, 160 Misc. 213.) If I were to exercise discretion, I would, under the facts as presented to me, grant costs to X against B. It would seem unjust to X — who was brought into the case by B, and thereby required to litigate — not to recompense X in part for the expense incurred in defending against B's counterclaim. (*Lane* v. *The Mirror*, 134 Misc. 767; *Levine* v. *Borenstein*, 160 id. 446.) When B brought in X as a defendant, B claimed the right to succeed on a counterclaim against X (together with A) which claim did not necessarily arise out of A's cause of action against B or B's defense to it. B failed to sustain this alleged claim against X. The fact that B succeeded on other issues against A should not deprive X of costs.

But section 1476 of the Civil Practice Act is not applicable to the Municipal Court because the statutory right to costs in this court is regulated exclusively by the complete and all-embracing provisions of section 164 of the Municipal Court Code. (*Bakers' Mercantile Alliance, Inc.*, v. *Katz Bros. Baking Co., Inc.*, 163 Misc. 707; *Dunne* v. *New York Telephone Co.*, 107 id. 439, 441; *Travelers Insurance Co.* v. *Rabinowitz*, 126 id. 555, 557.)

It is argued by B that section 164 of the Municipal Court Code does not provide for costs to a third person brought in as X was, in a counterclaim interposed in a defendant's answer. I cannot agree with this contention.

Section 164 allows costs to the " prevailing party," different paragraphs providing for the amount of costs to a plaintiff and to a defendant; and, where no provision for costs is otherwise made, discretionary costs of ten dollars are allowed to either party. In the instant case it is obvious that X is a " prevailing party," and it is equally obvious that he is a " defendant," and, as such, specific provision for costs is made in section 164 in favor of X (third party-defendant) against B (plaintiff as against the third party).

Section 271 of the Civil Practice Act, pursuant to which X was brought into the action by B, specifically provides that " a person not a party to the action who is so served with an answer [setting up a counterclaim against the plaintiff along with such third person] *becomes a defendant in the action as if he had been served with the summons.*" (Italics mine.)

Thus, X is entitled to costs as a defendant in the action who has prevailed against B. The earlier decision by the trial justice denying costs to X against B is not binding upon me, because, among other things, it was rendered upon a state of facts which has been changed by the reversal of the judgment then in effect.

The motion to strike out the costs is denied.