ADOLPH BERGER, Plaintiff, *v.* MIRIAM GROSSMAN and LOUIS GROSSMAN, Defendants.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 20, 1939.

*Bernstein, Weiss & Tomson*, for the plaintiff.

*Julius Blumenfeld*, for the defendants.

WHALEN, J. This is a motion to vacate a judgment for costs entered in favor of defendant Miriam Grossman against plaintiff.

Plaintiff brought this action against the two defendants, who are husband and wife, to recover for professional services as a medical man. The services consisted in furnishing medical treatment to the wife after an accident and in testifying as an expert medical witness thereafter at the trial of a negligence action she brought to recover for personal injuries.

At the close of the evidence before a jury in this case the complaint was dismissed as to the defendant Miriam and a mistrial was declared as to the defendant Louis. Thereafter before the new trial as against Louis a separate judgment for costs was entered in favor of Miriam. Both defendants appeared by the same attorney and served only one answer.

Prior to 1938 the defendant Miriam would have been entitled absolutely to costs against the plaintiff. (*Lefkowitz* v. *Stryker Arms Corp.* 160 Misc. 213 [App. Term, 1st Dept., July 13, 1936].) By chapter 431 of the Laws of 1938, in effect September 1, 1938, subdivision 11-b was added to section 164 of the Municipal Court Code by which the right to costs is governed. It is an indication of a relaxation of the old rule that costs in this court are fixed and immutable (with the exception of costs not to exceed ten dollars under subdivision 10) and beyond the exercise of any discretion on the part of the court.

Under the statute as it existed prior to 1938 it was possible and no doubt there were numerous instances where a plaintiff who, as a measure of precaution, joined several defendants and recovered judgment against one only, had judgment for costs entered against him by the prevailing defendants larger than the judgment he recovered against the losing defendant.

Subdivision 11-b is identical with section 1476 of the Civil Practice Act and decisions construing the meaning of the latter should be followed in considering the meaning of the former.

While the defendants joined in one answer herein and appeared by one attorney, the answer of defendant Louis differs from that of Miriam by the addition of a plea of payment to that of a general denial. It may be an arguable point whether or not defendant Miriam " did not unite in an answer, and was not united in interest " with defendant Louis. The proof offered at the trial showed merely an implied agreement, if any, to pay the reasonable value of plaintiff's services.

I think the costs, if any, to be awarded defendant Miriam should await the final result of the case and that there should be only one judgment entered in this action. (*Schuller* v. *Robison*, 139 App. Div. 97; *Chase National Bank* v. *Tover*, 245 id. 615, 622.)

If defendant Louis shall hereafter prevail in the action, then both defendants will be entitled to costs as a matter of right.

The motion will be granted, the judgment for costs in favor of defendant Miriam will be vacated, without prejudice to any future application for costs that she may be advised to make at the conclusion of the entire case.