Charles A. Loreto, J.
Plaintiff in its complaint sought a recovery of $225 and was awarded a verdict in that sum; the defendant interposed a counterclaim in the sum of $3,000 and received a verdict also for $225.
A judgment was entered by the plaintiff for the sum of $130 costs, the clerk having taxed as costs allowed by statute to the plaintiff $150 and as costs allowed by statute to the defendant $20, leaving the aforesaid net sum of $130 costs awarded to the plaintiff.
The defendant moves for a review of the taxation of costs, contending that the clerk erroneously taxed costs in favor of the plaintiff on the counterclaim.
Although offhand it may seem unfair to permit the award of $150 in costs to the plaintiff on the verdict in its favor in the sum of $225 and to award but $20 in costs to the defendant on the verdict in her favor in an equal sum, it must :be remembered that the granting of costs is purely a statutory matter and not one for the application of abstract balance of justice. In any event, behind the equal verdicts, one finds a full recovery by the plaintiff on its claim and but a partial recovery by the defend *190 ant on her counterclaim. And by reason of the fact that the counterclaim asserted was for $3,000 exposing the plaintiff to a greater risk of loss than the defendant could suffer by reason of plaintiff’s claim, for all-practical purposes the plaintiff should be considered the prevailing party.
The court believes that subdivision 2 of section 164 of the New York City Municipal Court Code applies here. It reads:
“ § 164. Sums allowed. In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the following sums as costs: * * * 2. To the plaintiff. If the defendant interposes a counterclaim in excess of plaiútiff’s claim and the plaintiff recovers judgment, costs shall be allowed on the amount of the counterclaim at the same rate as if it were the amount of the plaintiff’s recovery. If the counterclaim is less than the plaintiff’s claim,'costs shall be governed by plaintiff’s recovery.”
Under the Municipal Court Code there can be but one judgment (Dunne v. New York Tel. Co., 107 Misc. 439). And there may be only one prevailing party under this section. (Nunnery v. Bobrose Developments, 163 Misc. 829.)
The learned opinion in the case of Kohlberg v. Halloran (133 Misc. 304, by Sulzberger, J., of this court), wherein a comparable situation to that at bar was presented, is approved and followed. As it reviews the citations offered by the defendant, nothing more about those cases will be added.
Accordingly, the motion is denied.