risk of an auction sale. It is by no means established that at an auction sale the goods would have brought any more than they brought in the manner in which they were disposed of by the claimant.

It is also claimed that the assignee caused offers to be submitted to the claimant by which the goods could have been sold for an amount which would have paid the claimant's debt and left a small surplus for the Atwoods. A sufficient answer to this proposition is that no such offer ever assumed a tangible form. If it had, there was nothing to prevent the assignee from bringing his purchaser, giving the claimant his money, and taking the surplus. In fact, there is no evidence whatever contained in this record to show that the estate has been damaged in any respect by reason of the manner in which the claimant sold the goods held by him as consignee.

The further claim that the agreement as to the silk was usurious, and should therefore have been rejected by the referee, is certainly not well taken. There is very respectable authority for holding that such an agreement is not usurious. Matthews v. Coe, 70 N. Y. 239, and other cases of similar import. The true construction of the agreement would seem to be that this purchase of raw silk was in some respects a joint adventure. The claimant participated in the profits in order to repay him for his trouble in the handling of the goods, it being apparent that no commissions were to be charged. The question, in all cases of this description, is as to whether the compensation, in addition to interest, is a mere cover for usury. The case is barren of evidence to sustain any such conclusion. The evidence further shows that the joint adventure entered into by these parties was abrogated by agreement, and the silk went into the general consignment account, the same as all other goods which had been placed in the hands of the claimant as a commission merchant. The case of Chapin v. Thompson, 89 N. Y. 272, seems to establish the further proposition that the provision in the assignment for the payment of the debts of the assignors, which assignment was presumed to refer to the schedules thereafter to be filed, in which schedules the debt of the claimant appeared, precludes the assignee from claiming the avoidance of the debt because of usury, and requires that the amount actually due shall be paid pursuant to the terms of the instrument creating the trust.

The order should be affirmed, with costs. All concur.

---

### DAY v. SUN INS. OFFICE.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. COURTS—JURISDICTION—NONRESIDENTS.
　　The courts of New York have no jurisdiction of an action brought by a resident of New Jersey against a foreign corporation on a contract entered into in New Jersey, and referring to property situate in that state.

2. SAME—MOTION TO DISMISS—TIME.
　　In an action against a foreign corporation the complaint alleged that plaintiff was a resident, and the answer denied it, and defendant proved

that plaintiff was a nonresident, and at the close of plaintiff's case moved to dismiss because the court had no jurisdiction of the action. *Held*, that the motion was made in time.

3. SAME—DISMISSAL—COSTS.
   Costs may be awarded against a plaintiff in a case of which the court decides it has no jurisdiction.

Appeal from trial term, New York county.

Action by James Day against the Sun Insurance Office. From a judgment dismissing the complaint, plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry Thompson, for appellant.
Allan McCulloh, for respondent.

RUMSEY, J. The action was brought upon a policy of fire insurance issued by the defendant. It is conceded in the pleadings that the defendant is a foreign corporation created under the laws of Great Britain. The property insured was situated in the state of New Jersey. The complaint alleges that the policy of insurance was executed at Hackensack, in the state of New Jersey, and that allegation was satisfactorily proven upon the trial. The plaintiff bases his right to maintain this action against a foreign corporation upon this contract upon the fact, alleged in his complaint, that he is a resident of the state of New York. His residence was put in issue by the answer, and it was clearly shown upon the trial that at the time of the commencement of the action he was a resident of the state of New Jersey, and not a resident of the state of New York. He has no right, therefore, to maintain this action as a resident of the state, and the defendant insists that he has not brought himself within the provisions of the law under which a nonresident of the state may maintain an action against a foreign corporation in the courts of this state, and for that reason alone the complaint was properly dismissed. This question was raised at the trial by a motion to dismiss the complaint because the court had no jurisdiction. As it was alleged in the complaint that the plaintiff was a resident, the defendant was in no situation to insist upon a want of jurisdiction until the allegation of the complaint had been disproved. He put it in issue, and disproved it by the plaintiff's own testimony, and then, at the close of the plaintiff's case, which was the first opportunity he had, moved to dismiss the complaint for lack of jurisdiction. This motion was clearly in time, and we think it was properly made, and the complaint was properly dismissed upon that ground. The right of the courts of this state to take jurisdiction at the suit of a nonresident against a foreign corporation is given and regulated by section 1780 of the Code of Civil Procedure. The only subdivision of that section under which this suit could have been brought under any circumstances is the first, which includes an action to recover damages for a breach of the contract made within the state. But it appears, not only that this contract was made in the state of New Jersey, but that the property insured was situated in that state. The cause of action therefore arose in the state of New Jersey, and the courts of this state

have no jurisdiction over it at the suit of a citizen of that state, as the plaintiff was at the time his action was begun. The judgment must therefore be affirmed upon the ground that the court has no jurisdiction of the subject-matter. This conclusion renders it improper to determine any of the questions presented upon the merits. Although the courts have no jurisdiction to entertain this action, yet they have the power, where the question of the jurisdiction of the subject-matter has been presented to them, to award costs, even when they decide that they have no jurisdiction of the action. Thiem v. Madden, 27 Hun, 371. Where a party brings into court a case over which the court has no jurisdiction, and the suit is dismissed for lack of jurisdiction, costs may be awarded against him, for he, by bringing his action, has submitted himself to the jurisdiction of the court. Simmons v. Simmons, 32 Hun, 551. The affirmance, therefore, must be with costs against the plaintiff. All concur.