### HIRSCHFIELD v. HASSETT et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. COURTS—MUNICIPAL COURT OF NEW YORK—PROCEDURE—COSTS—REMEDIES FOR COLLECTION—STAY OF SUBSEQUENT ACTION.

   The Municipal Court has no authority to grant an order staying a plaintiff from proceeding with his action until the costs of a former action between the same parties are paid, since Code Civ. Proc. § 779, relating to stay of procedure for nonpayment of costs, has no application to the Municipal Court, being expressly limited by section 3347, subd. 6, to courts of record.

2. SAME—APPEAL—APPEALABLE ORDERS.

   An order of the Municipal Court of the City of New York, staying plaintiff from proceeding with his action until the costs of a former action between the same parties are paid, is not appealable.

3. MANDAMUS—SUBJECTS AND PURPOSES OF RELIEF—PROCEEDINGS OF COURTS AND JUDGES.

   Where a court without authority refuses to permit the trial of a case to proceed before the costs of a former action between the same parties are paid, the remedy of plaintiff is mandamus.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 74, 75.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Hirschfield against Annie Hassett and another. From an order of the Municipal Court of the City of New York, staying plaintiff from proceeding with the action until the costs of a former action between the same parties were paid, plaintiff appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Abraham S. Goldman, for appellant.
Mandelbaum Bros., for respondents.

PER CURIAM. This is an appeal from an order staying the plaintiff from proceeding with this action until the costs of a former action between the same parties is paid. There is no authority for the granting of such an order. Section 779 of the Code of Civil Procedure has no application to the Municipal Court, being expressly limited to courts of record by subdivision 6 of section 3347. The order made herein is not an appealable order, however. Bevins & Rogers' App. Term Pr. 61, and cases cited. The remedy of the appellant, if the lower court persists in refusing to permit the trial of the case to proceed, is by writ of mandamus.

Appeal dismissed, without costs.