per cent. of the amount of said contract, and having incorporated such provision therein, plaintiff can now avail itself of his written order to that extent and consider so much of the work done thereunder as extra work.

Motion for new trial is granted, unless plaintiff shall stipulate to reduce its recovery to $5,608.07, with interest thereon from February 10, 1906, and the cost of this action, in which event the motion is denied.

If plaintiff, feeling aggrieved at this disposition of the motion, desires to appeal therefrom, let there be a stay of execution pending the final determination of such appeal.

Plaintiff has done all the work above stated, and has earned the contract value thereof, of which there now remains unpaid $40,869.26. The defendant has had and now has the benefit of that work; and plaintiff, morally and equitably, though not legally, is entitled to its due, namely, the sum last above stated, less, however, the $5,608.07 above referred to, if paid to it by the defendant. Plaintiff should be paid; and the defendant, through its board of estimate and apportionment, now has authority, under chapter 601, p. 1397, of the Laws of 1907, to adjust and pay such claim, it appearing "that the city has received a benefit and is justly and equitably obligated" therefor; and to that board application should be made for such relief.

Ordered accordingly.

---

### HEMPSTED v. WHITE SEWING MACH. CO.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. COSTS (§ 48*)—JURISDICTION—DISMISSAL.
   Costs may be awarded on the dismissal of the action on the ground that the court has no jurisdiction to entertain it.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 197; Dec. Dig. § 48.*]

2. COSTS (§ 277*)—PAYMENT—STAY OF PROCEEDINGS.
   The Supreme Court may stay proceedings in that court, as provided by Code Civ. Proc. § 779, until the costs of a similar prior action, dismissed by the Municipal Court for want of jurisdiction, have been paid.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 1049; Dec. Dig. § 277.*]

Appeal from Special Term, Kings County.

Action by Aimee Hempsted against the White Sewing Machine Company. From an order staying proceedings until payment of costs of a prior action, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Robert Stewart (R. G. Barclay, on the brief), for appellant.
Emil P. Korkus, for respondent.

HIRSCHBERG, P. J. The order appealed from stays the prosecution of an action in the Supreme Court until the payment by the plaintiff of the costs of a former action brought by her for the same cause

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the Municipal Court of the City of New York, which terminated in a judgment dismissing the complaint, with costs. The action is for assault, and it was alleged by the defendant on the hearing at Special Term on information and belief that the dismissal in the Municipal Court was because of want of jurisdiction to determine the issue on the merits, by virtue of subdivision 14 of section 1 of the Municipal Court act (Laws 1902, p. 1489, c. 580).

The appellant claims that the Municipal Court, having no jurisdiction of the subject of the action, could not enter a judgment for costs in favor of the defendant. In Sentenis v. Ladew, 140 N. Y. 463, 467, 35 N. E. 650, 651, 37 Am. St. Rep. 569, the court said:

"If jurisdiction is prohibited, and the case is one where consent cannot confer it, it is an unsettled question whether the court, upon dismissing the cause, can render any judgment, even for costs. It does not seem ever to have been the subject of adjudication in this court, and the decisions of the lower courts and of the courts of other states are somewhat conflicting upon this point."

Since that decision was rendered it was held in Day v. Sun Insurance Office, 40 App. Div. 305, 307, 57 N. Y. Supp. 1033, 1035, that costs may be awarded on the dismissal of an action, where the court decides that it has no jurisdiction to entertain it. The court said:

"Although the courts have no jurisdiction to entertain this action, yet they have the power, where the question of the jurisdiction of the subject-matter has been presented to them, to award costs, even when they decide that they have no jurisdiction of the action. Thiem v. Madden, 27 Hun, 371. Where a party brings into court a case over which the court has no jurisdiction, and the suit is dismissed for lack of jurisdiction, costs may be awarded against him; for he, by bringing his action, has submitted himself to the jurisdiction of the court. Simmons v. Simmons, 32 Hun, 551. The affirmance, therefore, must be with costs against the plaintiff."

The appellant further claims that the court should refuse to enforce the Municipal Court judgment by means of a stay, in the spirit of the decision in Hirschfield v. Hassett, 59 Misc. Rep. 154, 110 N. Y. Supp. 264. That case, however, was one where the Municipal Court granted a stay, and the order was reversed for want of authority; the court holding that section 779 of the Code of Civil Procedure was limited to courts of record. That the Supreme Court should stay a trial in that court until the costs of a similar precedent action in the Municipal Court have been paid was expressly held in Wilner v. Independent Order Ahawas Israel, 122 App. Div. 615, 107 N. Y. Supp. 497, and an order denying such a stay was reversed.

The order is affirmed, with $10 costs and disbursements. All concur.