(94 Misc. Rep. 315)

### GARVEY v. STICKLAND.

(Supreme Court, Appellate Term, Second Department. March, 1916.)

1. COSTS ⨎⇒32(5)—MUNICIPAL COURT—COUNTERCLAIM.

   Where plaintiff's action in the Municipal Court was for $1,000, to which defendant interposed a counterclaim to the same amount, and plaintiff recovered judgment, the counterclaim being dismissed on the merits, plaintiff was not entitled to recover costs on the amount of the counterclaim at the same rate as if it were the amount of plaintiff's recovery, under the provision therefor of Municipal Court Code (Laws 1915, c. 279) § 164, subd. 2, since under such section such costs are allowed only where the amount of the counterclaim exceeds plaintiff's claim.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 114; Dec. Dig. ⨎⇒32(5).]

2. APPEAL AND ERROR ⨎⇒119—COSTS—ORDER RETAXING.

   No appeal lies from an order granting or denying a motion to retax costs.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 823–839; Dec. Dig. ⨎⇒119.]

---

⨎⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ☞190(8)—MUNICIPAL COURT—COSTS—REVIEW.

　　Where, after judgment for plaintiff in the Municipal Court, defendant made a motion to retax costs, which was granted, and plaintiff appealed from so much of the judgment as should bring up for review the order retaxing costs, the appeal was regular, and could be heard under provision of Municipal Court Code, § 155, that an appeal from a judgment brings up for review an intermediate order specified in the notice of appeal and necessarily affecting the judgment.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190(8).]

　　Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

　　Action by John F. Garvey against Sarah E. Stickland. Judgment rendered for plaintiff. From so much of the judgment as shall bring up for review an order retaxing costs, plaintiff appeals. Judgment affirmed.

　　Argued March term, 1916, before CALLAGHAN, BLACKMAR, and KAPPER, JJ.

　　Julius S. Belfer, of Brooklyn, for appellant.
　　Purdy & Strohsall, of Brooklyn, for respondent.

　　CALLAGHAN, J. This action was brought to recover $1,000. Defendant interposed a counterclaim of $1,000, which was after trial dismissed upon the merits, and a judgment rendered for the plaintiff for $165. The clerk taxed costs at $55 under the assumption that the amount of costs should be based upon the counterclaim pursuant to the provisions of subdivision 2, section 164, of the Municipal Court Code.

　　An order was made by the trial judge upon motion, reducing the costs to $15, the amount allowed upon a recovery for that amount by subdivision 1 of section 164 of the Code. Subdivision 2 of section 164 of the Municipal Court Code, regulating costs, is as follows:

　　"To the plaintiff. If the defendant interposes a counterclaim in excess of plaintiff's claim and the plaintiff recovers judgment, costs shall be allowed on the amount of the counterclaim at the same rate as if it were the amount of plaintiff's recovery. If the counterclaim is less than the plaintiff's claim, costs shall be governed by plaintiff's recovery."

　　[1-3] It is only in the event that the amount of the counterclaim is in excess of the plaintiff's claim that costs may be taxed and allowed to plaintiff based upon the amount of the counterclaim. Under the Municipal Court Code a defendant may counterclaim for the sum of $1,000 which is the jurisdiction of the court. The object of subdivision 1, section 164, was evidently to penalize the defendant who interposed an invalid counterclaim regardless of the amount of the plaintiff's claim. Where the amount of the counterclaim is equal to or less than the amount of plaintiff's claim, subdivision 2 does not apply and the amount of costs is governed by subdivision 1. No appeal lies from an order granting or denying a motion to retax costs, but inasmuch as the appellant here has appealed from so much of the judgment as shall bring up for review the order retaxing costs, the appeal is regular,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and can be heard pursuant to the provisions of section 155 of the Municipal Court Code.

The judgment is affirmed, without costs, inasmuch as the parties have stipulated that neither party have costs upon this appeal. All concur.