SEACOAST TRUST COMPANY, Respondent, *v.* ALEXANDER MUGMAN and MAX BRACHFELD, doing Business under the Trade Name and Style of NEW YORK BUTTER AND EGG MARKET and ALEXANDER MUGMAN AND MAX BRACHFELD, Appellants.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Discontinuance without costs — when granted — Municipal Court of city of New York — jurisdiction — pleadings — appeal.

Where the summons and complaint in an action brought in the Municipal Court of the city of New York demands a recovery in an amount beyond the jurisdiction of the court and an answer is interposed that the court has no jurisdiction of the subject-matter of the action, a motion by plaintiff for leave to discontinue must be granted, without costs.

Bijur, J., dissents.

APPEAL by defendants from so much of a judgment of the Municipal Court of the City of New York, borough of Manhattan, ninth district, for defendants, upon discontinuance, as merely awards thirty-seven dollars and fifty cents costs, and also from two orders denying defendants' motion for retaxation of costs.

Isidor Enselman (Max S. Seidler, of counsel), for appellants.

Lesser Brothers (Jacob L. Kornicher, of counsel), for respondent.

LEHMAN, J.    The plaintiff has demanded in its summons and complaint the sum of $2,001.79 with interest. The defendants voluntarily appeared and interposed an answer in which they alleged that " it appears on the face of the summons and of the complaint that the court has no jurisdiction of the subject of the action." Inasmuch as the court was clearly without jurisdiction, the plaintiff moved for leave to discontinue without costs. The court permitted the discontinuance but decided that the plaintiff must pay taxable costs. Thereafter the costs were taxed at the sum of thirty-seven dollars and fifty cents and a judgment for that amount was entered.    Under section 164 of the Municipal Court Code, subdivision 9, costs upon a discontinuance before trial are one-half of the amount which would be awarded after trial as provided in subdivision 7 of that section.    Costs awarded under subdivision 7 after a trial where the defendant is successful are determined by the amount of the plaintiff's demand in the summons.    If the defendants had been successful at the trial and their costs were determined by the amount of the demand in the summons, the costs would have amounted to the sum of one

hundred and ten dollars, and the defendants now claim that they are entitled to one-half of this amount instead of the sum of thirty-seven dollars and fifty cents. They therefore moved for a retaxation of the costs but their motion was denied, apparently upon the ground that under subdivision 12 their costs could in no event amount to more than thirty-seven dollars and fifty cents. Under a strict construction that subdivision would be applicable only to ultimate costs allowed and is not to be applied to any case where the costs awarded under the earlier sections amount to less than seventy-five dollars. On the other hand, it seems to me that the legislative intent that a plaintiff should be allowed to discontinue upon the payment of one-half the costs which would have been imposed upon an unsuccessful trial is so clear that it might well be argued that we should give the language of section 164 a construction broad enough to carry out the legislative intent under all circumstances. However, in my opinion, we need not determine that point now because in any event I believe that the amount of costs taxed is not authorized.

There is considerable authority in this state that where it appears upon the face of the summons that the court has no jurisdiction of the subject matter of the action the court has also no jurisdiction to award costs upon a dismissal. It is urged, however, that upon this appeal we have no right to consider this point because the plaintiff has not appealed from the judgment, and the only matter we have a right to consider is the amount of costs provided for in section 164, where costs may be imposed. That contention, however, seems to me unsound. It may well be that we have no right to reverse this judgment or to modify it in the plaintiff's favor where the plaintiff has not appealed from it, but if defendants are

not entitled to any costs and the Municipal Court has no power to award any costs, it is certainly beyond our power to modify a judgment of the Municipal Court by awarding even greater costs. In the case of *Day* v. *Sun Insurance Office*, 40 App. Div. 305, and *Hempsted* v. *White Sewing Machine Co.*, 134 id. 575, the court held that courts have power to award costs "where the question of the jurisdiction of the subject matter has been presented to them, * * * even when they decide that they have no jurisdiction of the action." In those cases, however, the court was actually called upon to pass upon the question of whether it had jurisdiction of the subject matter, whereas in this case the defect concededly appears on the face of the summons and the plaintiff voluntarily moved for a discontinuance without presenting such question of jurisdiction for the court to pass upon. The summons was in itself an absolute nullity; the court never acquired jurisdiction of any action, and the defendants were not called upon to appear in the attempted action and no judgment could by any possibility have been entered against them. Their voluntary appearances could give the court no jurisdiction of the cause of action and the court was never called upon to pass upon any question. I do not think that under these circumstances the court had any jurisdiction even to the extent of giving costs, and I find no authority to the contrary. It may be urged that the defendants by their voluntary appearance waived the defect in the summons and that the court thereby acquired jurisdiction of their persons. Even if we assume that it is possible to waive a defect in a summons and to enter a voluntary appearance where the face of the summons discloses that the court is without jurisdiction, yet such a contention cannot hold the defendants. The summons itself is palpably void by

reason of the excessive demand and the defendants could enter an appearance, if at all, only by disregarding the amount of the demand. The award of costs is, however, under the statute based exclusively upon the amount of the demand in the *summons* and where by reason of an excessive demand the summons is absolutely void and can confer no jurisdiction of person or subject matter there is no basis for any award of costs. It follows, I think, that the Municipal Court was without jurisdiction to enter the judgment and the appeal from the void judgment should, therefore, be dismissed with ten dollars costs to respondent.

ORDWAY, J., concurs.

BIJUR, J. (dissenting). Plaintiff demanded in its summons $2,001.79 (an amount admittedly beyond the jurisdiction of the court). Plaintiff moved to discontinue without costs. Defendants consented to the discontinuance but insisted upon costs. The court permitted the discontinuance and imposed thirty-seven dollars and fifty cents costs. Appellants now urge, and correctly as I think, that pursuant to section 164 of the Municipal Court Code the costs should have been fifty-five dollars.

Upon a reading of the material subdivisions of that section, namely, 1, 7, 8 and 9, it appears that defendants are entitled to one-half of the costs " based on plaintiff's demand in the summons," which would be ten dollars costs for fifty dollars demanded, fifteen dollars for any amount under two hundred dollars, and for every additional one hundred dollars or fractional part thereof five dollars. Full costs on this basis would be one hundred and ten dollars, and one-half thereof fifty-five dollars.

Respondent contends that the learned judge below correctly applied subdivision 12 of section 164: " The costs provided for in this section shall in no event exceed the sum of seventy-five dollars." In my opinion, appellants' view of the application of this subdivision is correct, namely, that it refers only to the net or ultimate amount of costs *allowed* and is not to be applied as has been done in the case at bar by holding that the total amount of costs ever to be *considered* cannot exceed seventy-five dollars and that plaintiff is entitled to only one-half of that amount. On the contrary, a reading of the various subdivisions to which I have referred makes it clear to me that the correct computation is that the defendants are entitled to a certain amount of costs, which is described as one-half of a certain other amount, and that the resultant amount shall in no event exceed seventy-five dollars. The judgment should be modified accordingly, with costs to the appellants.

Respondent urges on the authority of certain cases cited that no costs at all should have been awarded where it appears on the face of the proceedings that the court had no jurisdiction of the subject-matter. The cases cited, however, as I read them merely intimate it to be a proper course that, where want of jurisdiction appears upon the face of the proceedings, the *trial* court should *dismiss* the suit without costs. I do not understand what difference it makes how or where want of jurisdiction appears, but it is unnecessary to decide whether the course indicated is held to be the only correct one or should have been pursued in the instant case; because plaintiff here afforded the court no opportunity to follow it. What actually happened was that the plaintiff *elected* to discontinue and thus brought himself within the provisions of the Municipal Court Code and outside of the scope of the

decisions referred to and of the rule which he invokes. It seems to me also that a court always has " jurisdiction " either to dismiss an action or to permit a discontinuance.

This case is an exceptional one in that the summons demands a recovery in an amount beyond the jurisdiction of the court. The error thus committed by plaintiff, however, affords to my mind no ground for refusing to defendants the amount of costs prescribed by law and apportioned to the peril to which they have been subjected.

Appeal dismissed, with costs.