MICHAEL BOSLOW, Appellant, *v.* J. ROSENBAUM & COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December, 1922.

Costs — Municipal Court, city of New York — counterclaim in excess of plaintiff's demand — plaintiff's costs determined by amount of counterclaim — appeal.

Where a counterclaim is interposed for more than the plaintiff's claim costs to the prevailing plaintiff are allowed in exactly the same amount as he would be entitled to if the position of the parties had originally been reversed. Municipal Court Code, § 164(7).

In a Municipal Court action to recover $320 for work, labor and services, the answer set up a counterclaim for $1,000 and demanded judgment in that sum. Judgment was rendered in favor of plaintiff for $197 and his costs were taxed by the clerk at $15 and $3 for disbursements. Upon dismissing an appeal from an order denying a motion for retaxation of costs, *held*, that the amount of plaintiff's costs were regulated by section 164(2) of the Municipal Court Code and were determined by the amount of the counterclaim.

An order denying a motion for retaxation of costs is reviewable only upon an appeal from the judgment.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, second district, denying a motion for retaxation of costs.

*Gold & Maran (Louis J. Gold,* of counsel), for appellant.

*Meyer D. Siegel,* for respondent.

LEHMAN, J. The action was brought upon a verified complaint for work, labor and services demanding judgment for the sum of $320. The defendant interposed an answer, setting up a counterclaim and demanded judgment for the sum of $1,000. A judgment was rendered in favor of the plaintiff for $197, and the clerk taxed costs in favor of the plaintiff for $15 and $3 for disbursements. Plaintiff thereupon moved for a retaxation of costs, which motion was denied, and he now appeals from the order denying his motion.

The plaintiff now urges upon this appeal that he was entitled to have costs taxed on the basis of the amount of the defendant's

counterclaim. The provisions of the Municipal Court Code app'icable to this case read as follows:

" § 164. Sums allowed. In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney, the following sums as costs:

" 1. To the plaintiff. Where, upon issue joined and after trial, the plaintiff recovers judgment: For fifty dollars and under one hundred dollars, ten dollars; for one hundred dollars and under two hundred dollars, fifteen dollars; for every additional one hundred dollars or fractional part thereof, five dollars.

" 2. To the plaintiff. If the defendant interposes a counterclaim in excess of plaintiff's claim and the plaintiff recovers judgment, costs shall be allowed on the amount of the counterclaim at the same rate as if it were the amount of the plaintiff's recovery. If the counterclaim is less than the plaintiff's claim, costs shall be governed by plaintiff's recovery."

Upon the present record there is nothing to show whether the jury allowed the defendant anything on its counterclaim or whether it found that the plaintiff was entitled to less than he claimed, but for the purpose of arriving at the amount of costs chargeable it is immaterial whether the defendant has established a part of its counterclaim or has failed to establish any of it. The statute provides for costs to the prevailing party and in the present case the plaintiff is concededly the prevailing party for it has succeeded in obtaining a judgment. The counterclaim that was interposed was for more than the plaintiff's claim and since the plaintiff has obtained a judgment the amount of the costs is regulated by subdivision 2 and is determined by the amount of the counterclaim. There seems to me no force in the contention that if the defendant sustained its counterclaim to any extent and the plaintiff's claim was thereby reduced, costs must be based upon the plaintiff's recovery and not upon the amount of the counterclaim. If the position of the parties had been reversed and the defendant had brought an action for $1,000 for alleged breach of this plaintiff's contract and this plaintiff had thereupon counterclaimed for the same amount as he has demanded in the summons in this action and had recovered the amount of the present judgment, he would under subdivision 7 have been entitled to costs based upon the amount of the demand in the summons in that action. It seems to me that it was the clear intent of the statute to allow costs to the prevailing party where a counterclaim is interposed in exactly the same amount as he would be entitled to if the positions of the parties had originally been reversed.

The order denying the motion for retaxation is not appealable, however, being reviewable only upon an appeal from the judgment (*Mead* v. *Zika*, 159 N. Y. Supp. 181; *Garvey* v. *Stickland*, 94 Misc. Rep. 315); and it follows that the appeal must be dismissed.

Appeal dismissed, without costs.

McAvoy and WAGNER, JJ., concur.

Appeal dismissed.