Stephen Li Mandri, Plaintiff, v. G. Weiss & Sons, Inc., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, First District, October, 1923.

**Costs — Municipal Court, city of New York — defendant, not plaintiff, entitled to costs where judgment is rendered for dismissal, upon the merits, of complaint and counterclaim — motion to review taxation denied.**

Upon the trial of a Municipal Court action to recover $1,000 it was stipulated that plaintiff's damage was $335.75 and that defendant's damage on its counterclaim was $151.72. Judgment was rendered for the dismissal, upon the merits, of both the complaint and counterclaim. *Held*, that under section 164(1, 2) of the Municipal Court Code, plaintiff was not entitled to costs.

Under section 164(7) of the Municipal Court Code the defendant, as the prevailing party, was entitled to costs, and the clerk upon entering judgment in defendant's favor having taxed costs against the plaintiff on the basis of the demand in the summons a motion to review such taxation will be denied.

Motion to review taxation of costs.

*Thomas O'Rourke Gallagher*, for plaintiff, for motion.

*John E. Kennedy*, for defendant, opposed.

Law, J. This is a motion to review the clerk's taxation of costs. The plaintiff sued for $1,000. The defendant counterclaimed for $526.72. Upon the trial it was stipulated that the plaintiff's damage was $335.75 and that the defendant's damage was $151.72. The decision of the court, after trial, was that the plaintiff was entitled to judgment dismissing the counterclaim on the merits and the defendant was entitled to judgment dismissing the complaint on the merits. The clerk taxed costs against the plaintiff on the basis of the $1,000 demanded in the summons and entered judgment in favor of defendant accordingly. The plaintiff did not recover judgment in any amount whatsoever. Consequently the plaintiff is not entitled to costs even though the counterclaim was dismissed on the merits. See Mun. Ct. Code, § 164, subds. 1, 2. Then the sole question remains whether the defendant is entitled to costs under the provisions of subdivision 7 of said section 164 of the Municipal Court Code. I think that within the meaning of said section the defendant " recovers judgment after trial." The plaintiff's claim was defeated and the defendant, notwithstanding the counterclaim, was the prevailing party and entitled to costs. *Ballard Transfer & Storage Company* v. *St. Paul City Railway Co.*, 129 Minn. 494; *Gibbons* v. *Skinner*, 150 App. Div. 706. Clearly it was correct to base the award of costs on the plaintiff's demand in the summons.

The motion must be denied.

Ordered accordingly.