Municipal Court of New York, October, 1927.            [Vol. 130.

paragraph " sixth," the translation being given as " community of assets."

In the " thirteenth " paragraph of the complaint plaintiff asks to be reimbursed for payment of personal obligations of the defendant. The allegation is insufficient but cannot be disposed of upon this motion.

The other objections to the sufficiency of the complaint do not merit any comment from the court.

The motion to dismiss the complaint is denied, without costs. Submit order.

---

ARROW PIECE DYEING & FINISHING Co., Inc., Plaintiff, *v.* THEODORE J. GALLAGHER Co., Inc., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, October 19, 1927.

Costs — party entitled — counterclaim exceeded plaintiff's claim — verdict of no cause of action and also dismissing counterclaim — plaintiff entitled to costs under Municipal Court Code, § 164.

The plaintiff is entitled to costs under section 164 of the Municipal Court Code where a counterclaim interposed by defendant exceeds the plaintiff's claim and the verdict rendered is one of no cause of action for the plaintiff and dismissing the counterclaim, for in such case it must be held that the plaintiff is the prevailing party.

MOTION by the plaintiff to modify the judgment by striking out the costs taxed by the defendant against the plaintiff and to review the clerk's taxation of costs.

*Gerald J. Schwartz*, for the plaintiff, for the motion.

*Henry Hoelljes*, for the defendant, opposed.

LEARY, J. The plaintiff brought this action to recover the sum of $116.14. The defendant counterclaimed in the sum of $1,000. The case was tried before the court and jury and a verdict rendered in favor of the defendant and against the plaintiff upon its cause of action, and in favor of the plaintiff upon the defendant's counterclaim. The attorney for the defendant thereupon entered judgment taxing costs against the plaintiff in the sum of $15. The plaintiff urges that either the plaintiff is entitled to recover costs based upon the defendant's counterclaim or that neither party is entitled to costs.

The defendant bases his right to tax costs upon the ground that the plaintiff failed to recover a money judgment and relies upon the case of *Li Mandri* v. *Weiss & Sons* (121 Misc. 667). In that case the plaintiff sued for $1,000. The defendant counterclaimed for $526.72. The decision of the court after trial was

that the plaintiff was entitled to judgment dismissing the counterclaim on the merits, and the defendant was entitled to judgment dismissing the complaint on the merits. The clerk taxed costs against the plaintiff on the basis of $1,000 demanded in the summons and entered judgment in favor of the defendant accordingly. Upon the motion to review the clerk's taxation of costs the court held: " The plaintiff did not recover judgment in any amount whatsoever. Consequently the plaintiff is not entitled to costs even though the counterclaim was dismissed on the merits. See Mun. Ct. Code, § 164, subds. 1, 2. Then the sole question remains whether the defendant is entitled to costs under the provisions of subdivision 7 of said section 164 of the Municipal Court Code. I think that within the meaning of said section the defendant ' recovers judgment after trial.' The plaintiff's claim was defeated and the defendant, notwithstanding the counterclaim, was the prevailing party and entitled to costs. *Ballard Transfer & Storage Company* v. *St. Paul City Railway Co.*, 129 Minn. 494; *Gibbons* v. *Skinner*, 150 App. Div. 706."

The facts in the case at bar are reversed; here the defendant's counterclaim exceeded the amount sought for by the plaintiff, while in the *Li Mandri* case the plaintiff's claim exceeded the counterclaim of the defendant. The defendant in that case having succeeded in dismissing the claim of the plaintiff it was the prevailing party. In the instant case the plaintiff has prevailed over the defendant's counterclaim which exceeded the amount it sued for, and it is, therefore, entitled to tax costs upon the amount which the defendant sought to recover. In this case as in the former case, neither party recovered a money judgment against the other. In *Garvey* v. *Strickland* (94 Misc. 315, 316) the court said: " The object of subdivision 1, section 164, was evidently to penalize the defendant who interposed an invalid counterclaim regardless of the amount of the plaintiff's claim."

The defendant seems to base its right to tax costs against the plaintiff upon the fact that the plaintiff has not recovered a money judgment. The fact that no money judgment was recovered is immaterial; having succeeded in prevailing upon the defendant's counterclaim, which exceeded the amount it sought to recover, places the plaintiff in the position of the prevailing party. (*Boslow* v. *Rosenbaum & Co.*, 120 Misc. 59, 60.)

Neither the plaintiff nor the defendant having recovered a money judgment against the other, it is obvious that the plaintiff is the prevailing party, having succeeded in obtaining a verdict in its favor upon the defendant's counterclaim which exceeded the amount plaintiff sought to recover.

The plaintiff is, therefore, entitled to tax costs against the defendant in the above-entitled action upon the sum of $1,000.

Motion is granted modifying the judgment entered herein by the defendant by striking out the item of costs therein contained.