Hilda B. Kohlberg, Plaintiff, *v.* Thomas Halloran, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, November 10, 1928.

*David E. Goldfarb,* for the plaintiff.

*Samuel Ecker,* for the defendant.

Sulzberger, J.   This action was brought to recover $502.29. The defendant counterclaimed for $750.   After trial before one of the justices of this court, a decision was made dismissing both the complaint and the counterclaim.   On plaintiff's application, the clerk taxed $45 costs in her favor, and entered judgment against the defendant for that amount.   Subsequently, on defendant's application, the clerk taxed $35 costs in his favor, and entered a judgment against the plaintiff for that amount.

Both plaintiff and defendant move to review the taxation of costs.   *Arrow Piece D. & F. Co., Inc.,* v. *Gallagher Co., Inc.* (130 Misc. 610), decided by my brother, President Justice Leary, is decisive of the point presented, in favor of the plaintiff.   However, a little elaboration may be desirable.

As I read section 164 of the Municipal Court Code (Laws of 1915, chap. 279), either plaintiff or defendant may be a prevailing party, but not both.   The elementary proposition that there can be but one final judgment in an action (cf. *Royal Palace Realty Co.* v. *White,* 96 Misc. 678; *Bloch* v. *Black & White Cab Co.,* 102 id. 677; *German-American Button Co.* v. *Heymsfeld,* 170 App. Div. 416; *Kriser* v. *Rodgers,* 195 id. 394) also leads me to this conclusion.   Moreover, the obvious scheme of the statute is that

the costs should be apportioned to the peril to which a party is subjected. (Cf. dissenting opinion of BIJUR, J., in *Seacoast Trust Co.* v. *Mugman,* 100 Misc. 482, 488, on which the case was modified in 184 App. Div. 895, 896.) The problem is solved, I think, when we identify the prevailing party under the circumstances disclosed. It seems to me that the test prescribed by the statute is that of comparative peril. Measured by this standard, plaintiff was clearly the prevailing party.

I am referred to several cases, but they are not determinative of the question involved. In *Garvey* v. *Stickland* (94 Misc. 315) plaintiff sued for $1,000, and defendant counterclaimed for an *equal* amount. Judgment was rendered for plaintiff for $165, and the counterclaim was dismissed. The case was ruled by section 164, subdivision 1, of the Municipal Court Code. In *Boslow* v. *Rosenbaum & Co.* (120 Misc. 59) plaintiff sued for $320 and defendant counterclaimed for $1,000. Judgment was rendered in favor of plaintiff for $197. The Appellate Term dismissed the appeal because the order denying the motion for retaxation was not appealable. However, the opinion is to the effect that, since the counterclaim was in *excess* of plaintiff's claim, plaintiff's costs were regulated by section 164, subdivision 2, of the Municipal Court Code.

In *Li Mandri* v. *Weiss & Sons* (121 Misc. 667) plaintiff sued for $1,000, and defendant counterclaimed for a sum *less* than that. The stipulation at the trial did not change the relative position of the parties. Plaintiff's complaint and defendant's counterclaim were both dismissed after trial. It held that the defendant was the prevailing party. While the result reached is correct, I am obliged to question the soundness of the reason assigned. In that case the court relied on the authority of *Gibbons* v. *Skinner* (150 App. Div. 706), which related to the construction of sections 3228 and 3229 of the Code of Civil Procedure.

The Legislature has made provision for costs in the Municipal Court in every possible contingency; hence the sections of the Code of Civil Procedure or of the Civil Practice Act which provide for other and different costs are not applicable. (*Dunne* v. *New York Telephone Co.,* 107 Misc. 439.)

Plaintiff's motion is granted, defendant's motion is denied, and the item of thirty-five dollars costs against plaintiff is disallowed. (Municipal Court Code, § 171.)