Charles A. Loreto, J.
On a trial calendar call, the defendant moved for the dismissal of this action on the ground that the court lacked jurisdiction to entertain it. As the demand for judgment on the face of the summons was for an amount in excess of the limit authorized for the Municipal Court (N. Y. City Mun. Ct. Code, § 6), the motion was granted. The defendant thereupon requested the court to award him costs. Decision was reserved on this motion.
The question presented is what award of costs may be made where the suit is dismissed for want of jurisdiction of the subject matter.
The correct answer to this question is not easy to ascertain. The plaintiff urges that only motion costs may be imposed and the defendant demands full statutory costs allowed on entry of judgment on a dismissal. The decisions on the point are conflicting and confusing. In Sentenis v. Ladew (140 N. Y. 463, 467) the court said: “ If jurisdiction is prohibited and the case is one where consent cannot confer it, it is an unsettled question *926 whether the court, upon dismissing the cause, can render any judgment, even for costs. It does not seem ever to have been the subject of adjudication in this court, and the decisions of the lower courts and of the courts of other states are somewhat conflicting upon this point.”
Some years later the Court of Appeals affirmed without opinion the case of Day v. Sun Ins. Co. (40 App. Div. 305, affd. 167 N. Y. 543 upon opinion below). The defendant cites this case as authority for his demand.
It appears that the Day case is the first decision where the matter of costs in this situation came to the attention of the Court of Appeals. And the Day case was later mentioned with approval in Gaines v. City of New York (215 N. Y. 533).
Upon a careful reading and analysis of the decisions on the subject, the court discerns certain facts which must be considered. First, whether the want of jurisdiction appears upon the face of the summons and complaint or whether that fact must be established upon a trial. Secondly, whether the court is one of general jurisdiction or one of limited jurisdiction. Considering these factors and reviewing the decisions on the point, this court declines to follow the cited decisions as controlling authority in this case.
The statement is found in many decisions to the effect that the court lacking jurisdiction, has no power to make a record in the character of a judgment, that its determination is a nullity and all proceedings on its part are void. (O’Donoghue v. Boies, 159 N. Y. 87, 98; Matter of Doey v. Howland Co., 224 N. Y. 30, 38.)
Carmody in his treatise on New York Practice (vol. 11, p. 105) states that the rule in New York State is that a dismissal for want of jurisdiction does not deprive the court of power to render judgment for costs, citing Gaines v. City of New York (supra). He adds that in such cases this power is without question, giving as authority for such a broad statement Lapof v. Rigerman (126 Misc. 569). The statement found in the Gaines case on the point is dictum. And the dismissal in the Lapof case was on the trial.
Since Day v. Sun Ins. Co. (supra) is often cited and is the source of much of the confusion on this question, it is well to examine it closely. It must be noted that in the Day case the court was able to determine that it lacked jurisdiction over the subject matter after trial. There the plaintiff was a nonresident and the suit was upon a foreign contract. These facts are the facts which deprived the court of jurisdiction and were established upon the trial. In addition the court in that case was one *927 of general jurisdiction. These are distinguishing factors which make that case and later cases which follow it without noting these distinctions, inapplicable. (Hemsted v. White Sewing Mach. Co., 134 App. Div. 575.)
Also Gaines v. City of New York (215 N. Y. 533, 539, supra) is not helpful. There the court recognized that “ Questions of jurisdiction are often obscure and intricate ’ ’. And its approval of the Bay case was simply obiter dictum as is shown in the last sentence of this extract (p. 540): “ The defendant argues that an action dismissed for want of jurisdiction is a nullity in the same sense as if it had never been begun at all. But that is an extreme view. Such an action has at least some of the consequences of an action begun in a court of competent jurisdiction. It is the rule in this state that a dismissal for lack of jurisdiction does not strip the court of power to render judgment for the costs (Day v. Sun Ins. Co., 40 App. Div. 305; affd. on opinion below, 167 N. Y. 543.; Hemsted v. White Sewing Mach. Co., 134 App. Div. 575; O’Connor v. City of New York [51 Misc. 560, affd. 120 App. Div. 875, affd. 191 N. Y. 238], supra). For some purposes, therefore, we may speak of an action as pending, though the court is without jurisdiction to adjudicate its merits. It seems that in the federal courts, the power to award costs, where there is a failure of jurisdiction, has been disputed (Mayor v. Cooper, 6 Wall. 247; Citizens’ Bank v. Cannon, 164 U. S. 319, 324). * * * But it is not upon the ground that the plaintiff became liable for the costs that we rest our decision.”
In many reported cases involving this point, it appears that the court was one of general jurisdiction. It should be noted that ‘ ‘ In a court of general jurisdiction it is to be presumed that the court has jurisdiction until the contrary appears and is determined ”. (Consumers Lbr. Co. v. Lincoln, 225 App. Div. 484, 485.)
In Matter of Doey v. Howland Co. (224 N. Y. 30, 38, 39, supra) the court declared: “ The rule is well settled that a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, does not acquire jurisdiction and its judgment or determination when made is a nullity and will be so treated whenever called in question by either a direct or collateral attack. * * *
1 ‘ The general rule is that lack of jurisdiction to render a judgment or determination may be asserted at any time, and the only exception of which I am aware is where jurisdiction depends upon a question of fact. If that be litigated and determined, then *928 the question is settled by the judgment, which becomes final and conclusive unless set aside by a direct attack or reversed on appeal therefrom. (O’Donoghue v. Boies, 159 N. Y. 87; Ferguson v. Crawford, 70 N. Y. 253.) In all other cases where there is a lack of authority to hear and determine the subject-matter of the controversy, an adjudication is a nullity and will be so declared at the instance of a party affected thereby. (Matter of Will of Walker, 136 N. Y. 20.) ” (Italics supplied.)
What has been said in Sentenis v. Ladew (140 N. Y. 463, 466, 467) is apropos: “If the court acquires jurisdiction of the persons of the parties by due personal service of process, or by their voluntary appearance and submission to its jurisdiction, and the defendant makes no objection to the authority of the court to hear the cause, and the parties proceed to a trial upon the merits, the judgment rendered would be neither void nor voidable for want of jurisdiction, but would be binding and conclusive upon the parties. * * * It would be an intolerable abuse of the process of the court if the plaintiff could be permitted to select his tribunal and summon his adversary before it, and when defeated in the cause be heard to say that the action was not cognizable by the court, and that the judgment which it had rendered was a nullity. It might be different if the court was one whose jurisdiction was expressly limited by statute, or there was some statutory inhibition of jurisdiction in a given case or class of cases. Then consent even might not confer jurisdiction.”
“ As the objection does not appear on the face of the complaint, but was established, as it had to be, at trial, costs follow as of course.” (Chambers v. Feron & Ballou Go., 56 N. Y. S. 338, 339.)
But where the want of jurisdiction is apparent upon the face of the summons and complaint, the rule in regard to costs is not the same. (Harriott v. New Jersey R. R. & Transp. Co., 1 Daly 377; Clearing Realty Corp. v. Pollaci, 133 Misc. 626.)
The defendant also cites Seacoast Trust Co. v. Mugman (100 Misc. 482, affd. by a divided court in 184 App. Div. 895, on the dissenting opinion below of Burnt, J. in the Appellate Term). This too apparently supports the defendant's contention. It is important therefore to examine closely the facts and holding of that case in order to distinguish it. In that case, plaintiff demanded in its summons an amount admittedly beyond the jurisdiction of the Municipal Court. Upon the defendant’s appearance and answer alleging that “ ‘ it appears on the face of the summons and of the complaint that the court has no jurisdiction of the subject of the action ’ ” (p. 483), the plaintiff *929 moved for a discontinuance which the court permitted, imposing costs of $37.50. The defendants appealed, urging that they were entitled to $55 costs based on one half the plaintiff’s demand in the summons.
Justice Burnt who wrote the dissenting opinion for the Appellate Term agreed with the defendants. His reasoning for allowing costs at all, should be noted. He stated at pages 487-488 that “ The cases cited * * * intimate it to be a proper course that, where want of jurisdiction appears upon the face of the proceedings, the trial court should dismiss the suit without costs ”. And he goes on to add that because the plaintiff chose to discontinue, he became subject to costs. “ I do not understand what difference it makes how or where want of jurisdiction appears, but it is unnecessary to decide whether the course indicated is held to be the only correct one or should have been pursued in the instant case; because plaintiff here afforded the court no opportunity to follow it. What actually happened was that the plaintiff elected to discontinue and thus brought himself within the provisions of the Municipal Court Code and outside of the scope of the decisions referred to and of the rule which he invokes. It seems to me also that a court always has ‘ jurisdiction ’ either to dismiss an action or to permit a discontinuance.” Hence it is clear that the Seacoast case is distinguishable because the plaintiff there elected to discontinue the action. The foregoing opinion is premised upon the plaintiff’s discontinuance which deprived the court of the opportunity to pass upon the question of jurisdiction. And entertaining the opinion that by electing to discontinue, the plaintiff brought himself within the provisions of the Municipal Court Code, Justice Burnt declared that costs in favor of the defendant should follow.
This court cannot subscribe to that reasoning. For it is elementary that a party cannot by his act confer jurisdiction where none exists or is granted. Where no jurisdiction exists of the subject matter and a party has brought suit, can it be said that by reason of his refusal to discontinue, the court has thereby acquired jurisdiction? The obvious answer is in the negative. And in such a situation, if the plaintiff elects to discontinue, the result should be the same.
In summary, the cases of Day v. Sun Ins. Co.; Gaines v. City of New York, or Seacoast Trust Co. v. Mugman (supra) are not authority on the question of costs where the lack of jurisdiction appears on the face of the proceedings. In Bay the issue of lack of jurisdiction was resolved on a trial. The approval of Day in Gaines was dictum. And Seacoast decided by a divided bench *930 both in the Appellate Term and Appellate Division appears to be based on the voluntary discontinuance of action.
Therefore, this court believes that the opinion of Lehman, J. written for the majority of the Appellate Term in the Seacoast case (100 Misc. 482, supra) states what appears to be the applicable law on the question at issue.
This is what he wrote at pages 485-486: “ In those cases, however, the court was actually called upon to pass upon the question of whether it had jurisdiction of the subject matter, whereas in this case the defect concededly appears on the face of the summons and the plaintiff voluntarily moved for a discontinuance without presenting such question of jurisdiction for the court to pass upon. The summons was in itself an absolute nullity; the court never acquired jurisdiction of any action, and the defendants were not called upon to appear in the attempted action and no judgment could by any possibility have been entered against them. Their voluntary appearances could give the court no jurisdiction of the cause of action and the court was never called upon to pass upon any question. I do not think that under these circumstances the court had any jurisdiction even to the extent of giving costs, and I find no authority to the contrary. * * * The summons itself is palpably void by reason of the excessive demand and the defendants could enter an appearance, if at all, only by disregarding the amount of the demand. The award of costs is, however, under the statute based exclusively upon the amount of the demand in the summons and where by reason of an excessive demand the summons is absolutely void and can confer no jurisdiction of person or subject matter there is no basis for any award of costs. It follows, I think, that the Municipal Court was without jurisdiction to enter the judgment and the appeal from the void judgment should, therefore, be dismissed with ten dollars costs to respondent ”.
The foregoing opinion is grounded upon the early and well-reasoned decisions of this State, of which Humiston v. Ballard (63 Barb. 9,11) is an excellent example: “ By the court, P. Pot-tee, J. We must accept as the law of this case, that the general term correctly dismissed the case as being there without authority, or, in other words, that the court had no jurisdiction to give judgment between the parties, and they gave none. The only judicial act that court could perform in the case, was to dismiss it. Costs now, in all eases, are the creation of the statute, and they are given or withheld as the statutes direct. Of course, if the court had no jurisdiction to render a judgment, and having omitted to award costs — even the costs of motion — it follows, that if any costs of that proceeding are recoverable, it must be *931 by reason of some positive regulation of the statute. (King v. Poole, 36 Barb. 247.) But it must be conceded that the rule applies only to that class of cases where the want of jurisdiction appears upon the face of the proceedings, as it did in this case.”
What is deduced from the decisions reviewed is that where a suit is instituted and the court lacks jurisdiction of the subject matter to adjudicate the merits of the controversy, generally speaking, it is said that an action is pending. And where jurisdiction depends on a fact which is litigated, and jurisdiction is found wanting, judgment may be entered thereon, with costs, and it is binding and conclusive. However, where the lack of jurisdiction appears on the face of the proceedings, the court is without jurisdiction to enter judgment and award costs thereon. In such a ease no trial is required to ascertain the absence of jurisdiction and an opinion or order stating that fact appears to be sufficient to declare and establish the result.
The granting of costs is a statutory creation. Section 164 of the New York City Municipal Court Code enumerates the instances where costs shall be allowed to “ the prevailing party”. The dismissal of a complaint for lack of jurisdiction does not fall within any of the subdivisions of that section of the code.
This court feels constrained to limit the award of costs, therefore, to motion costs of $10 as provided by subdivision 9 of that section of the code. An order of dismissal may be entered on this opinion.