Chables S. Whitmae, Jb., J.
This is a motion by plaintiff for an order directing the Clerk of this court to increase the amount of costs allowed upon taxation of a bill of costs in connection with the entry of a default judgment for the principal sum of $8,665.30. The plaintiff sought to tax the sum of $150 as costs, which is the maximum amount of costs that may be allowed under section 164 of the New York City Civil Court Act. The Clerk allowed the plaintiff only one half of that amount, namely $75. Subdivision (a) of section 163 of said act reads in part as follows: 16 Where the plaintiff recovers judgment upon the defendant’s failure to answer, costs allowed to plaintiff shall be one-half of the amount prescribed in the foregoing sections of this article.” (Emphasis supplied.)
Counsel for the plaintiff urges that the proper method of arriving at the costs herein is a three-step procedure, as follows: (1) By applying the formula prescribed in section 161 to the amount of the judgment herein, costs in the first instance would amount to $440. (2) Since the defendant Char-Ko Realty failed to answer, subdivision (a) of section 163 should then be applied to reduce the aforesaid figure by one half to $220. (3) Lastly, applying the over-all limitation of costs specified in section 164, the final figure should be reduced to the maximum costs of $150.
*228 The Clerk is apparently of the opinion that since the plaintiff can be entitled to no more than $150 costs in any event under section 164, that in applying section 163 to the taxation of costs upon the entry of a default judgment a plaintiff can tax no more than one half thereof or $75.
These sections, 161, 163 and 164 of the new act are derived in substantially the same form and language from subdivisions of section 164 of the former Municipal Court Code. Apparently this precise question never arose in the Municipal Court since with a monetary jurisdictional limit of $3,000 the total amount of costs computed in the first instance upon a judgment would not usually exceed $150 and, in those instances where it did exceed $150, it would rarely amount to more than a few additional dollars.
However, the case of Seacoast Trust Co. v. Mugman (184 App. Div. 895, revg. 100 Misc. 482, 486-488, on dissenting opinion of Bijub, J.) appears to be analogous and applicable to the question of how costs are to be computed. The Seacoast case was decided in 1917, but section 164 of the Municipal Court Code as it then existed dealt with this question of costs substantially in the same manner as the relevant sections of the new act. At that time the limitation as to costs that could be recovered was $75, and defendant had appealed from a judgment of the Municipal Court upon discontinuance which awarded one half of $75, or $37.50 costs to the defendants. It appears in that case that if costs were in the first instance computed upon the basis of the amount plaintiff had demanded in his complaint, rather than on one half of the $75 maximum allowance as was done, plaintiff would have been entitled to the sum of $55 as costs. In the Appellate Term (100 Mise. 482), the majority decision did not come to a determination of this problem as the appeal was dismissed on the finding that the lower court lacked jurisdiction to enter such a judgment. However, the dissenting opinion of Mr. Justice Bijub dealt specifically with the matter of costs and in holding for the appellants stated (p. 487): “In my opinion, appellants’ view of the application of this subdivision is correct, namely, that it refers only to the net or ultimate amount of costs allowed and is not to be applied as has been done in the case at bar by holding that the total amount of costs ever to be considered cannot exceed seventy-five dollars and that plaintiff is entitled to only one-half of that amount. On the contrary, a reading of the various subdivisions to which I have referred makes it clear to me that the correct computation is that the defendants are entitled to a certain amount of costs, which is described as one-half of a certain other amount, and that the resultant amount *229 shall in no event exceed seventy-five dollars. The judgment should be modified accordingly, with costs to the appellants.” Obviously, this view was adopted by the Appellate Division (184 App. Div. 895) when, in reversing the Appellate Term, it directed that the judgment be modified and based its disposition “ on opinion of Bijur, J., at the Appellate Term.”
Accordingly, plaintiff’s motion is granted and the Clerk is directed to retax the amount of costs to plaintiff at $150 and to amend the judgment accordingly.