NATHAN, Judge.
This appeal arises from a personal injury action brought by plaintiffs-appellees against defendants-appellants. The trial court, upon defendant's motion, entered an involuntary dismissal of plaintiffs’ suit without prejudice against the plaintiffs for failure of plaintiff, Jesus Gonzalez, to comply with the trial court’s order to submit to a medical examination as required under Fla.R.Civ.P. 1.360(a). The court’s order stated that the dismissal was at the cost of the plaintiffs, with costs to be taxed upon motion and notice.
Defendants filed their motion to tax costs setting forth in detail the costs expended by them in this cause. The trial court entered an order denying the motion in its entirety without, including any findings or reciting any reasons therefor.
Defendants present two points on appeal. First, that the trial court should have dismissed the case with prejudice and, second, that the trial court erred in failing to tax costs against the plaintiffs.
We find no merit in defendants’ contention that the dismissal should have been with prejudice. Fla.R.Civ.P. 1.380(b)(2) states that,
“If a party . . . fails to obey an order to provide or permit discovery under . . Rule 1.360, the court in which the action is pending may make any of the following orders: * * * (C) . . dismissing the action or proceeding . . . .”
A dismissal as punishment for the plaintiff’s failure to comply with a court order is in large measure a discretionary matter with the trial judge. Warriner v. Ferraro, 177 So.2d 723 (Fla. 3d DCA 1965). We find no abuse of discretion by the trial judge in this case. See Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1971).
Having determined the nature of the sanction imposed on the plaintiffs, the trial court involuntarily dismissed, without prejudice, plaintiffs' suit under Fla.R.Civ.P. 1.420(b). Section (d) of the same rule provides
“Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action . .
The record reflects that in the motion to tax costs, the defendants included costs expended for the taking of depositions of the plaintiffs and of certain physicians pertaining to the lawsuit. Here the plaintiffs brought the defendants into court and as a result of the plaintiffs’ own actions, an involuntary dismissal was caused to be entered. Defendants allege that they were required to expend costs relative to the suit and in defense thereof. . Under Fla.R.Civ.P. 1.420(d), as well as by order of the trial court, costs were required to be taxed against the plaintiffs. We cannot speculate as to the necessary costs expended in this case. The taxation of costs applicable to a *477 given ease rests largely in the discretion of the trial judge.
Therefore, the cause is reversed and remanded to the trial court for taxation of costs either in whole or in part, or disallowing specific cost items. See Troutman Enterprises, Inc. v. Robertson, 273 So.2d 11 (Fla. 1st DCA 1973).
Reversed and remanded with directions.