OPINION OF THE COURT
Loren N. Brown, J.
Following a finding on December 20, 1979 of no jurisdiction to hear the merits of this action, the petitioner by her counsel has moved for an award of counsel fees pursuant to subdivision (b) of section 237 of the Domestic Relations Law and section 438 of the Family Court Act.
The respondent has cross-moved for counsel fees pursuant to the same sections, and for traveling expenses pursuant to subdivision 3 of section 75-i of the Domestic Relations Law.
The issues are twofold: first, whether the court has jurisdiction to award counsel fees, though it has found it has no jurisdiction to hear the merits of the action, and, second, if it may award fees, are they warranted under these circumstances.
It appears to be settled that a dismissal of an action for lack of jurisdiction does not deny a court the power to render a judgment for costs when the jurisdictional deficiency is not apparent without litigation. (Day v Sun Ins. Office, 40 App Div 305; O’Connor v La Papila, 4 Misc 2d 925.) The case at bar required extensive, tortuous litigation and under the proper circumstances, costs could be awarded. And though counsel fees are not costs in the strict sense of the word, authority for this court’s power to award costs would logically extend to its power to award counsel fees.
Having found that the court has jurisdiction to award counsel fees, it must, nevertheless, deny both the motion and counter motion.
Counsel fees should only be granted upon a showing of indigency, or that an allowance of fees is necessary for the purpose of contesting the custody issue. (Matter of Noel v Derrick, 71 AD2d 704; Matter of Frye v Truhn, 68 AD2d 989.) The court finds that the supporting papers of neither party sufficiently justify granting counsel fees as judged from those standards. The petitioner in essence submits merely bills for attorney services. The respondent’s papers reflect a desire to punish the petitioner for bringing the action and for perceived *669 injustices done to him instead of an acute need for an award of counsel fees.
Furthermore, the respondent’s application for traveling expenses to court, pursuant to subdivision 3 of section 75-i of the Domestic Relations Law, is addressed to the court’s discretion, and it is the opinion of the court that it would be neither just nor proper for the petitioner to be burdened with the traveling expenses of the respondent, a college instructor.
Accordingly, the petitioner’s motion, and the respondent’s cross motion are, in all respects, denied.