ON MOTION TO REVIEW DENIAL OF MOTION TO TAX COSTS
SCHWARTZ, Chief Judge.
After this court, in Spear v. Spear, 510 So.2d 371 (Fla. 3d DCA 1987), issued a writ of prohibition precluding the trial court from further proceedings on the ground that it lacked subject matter jurisdiction over the cause, the successful party below, the ex-wife, moved to tax costs in her favor. The trial judge denied the motion on the sole ground that he lacked jurisdiction to do so. We reverse this order.
A necessary adjunct to the hackneyed, but accurate, expression that a court always has jurisdiction to determine its own jurisdiction is the principle that the court is empowered to conduct the proceedings to determine that question just as it does any other issue. Accordingly, it is apparently universally held that the party, here the petitioner-wife, who has prevailed on jurisdictional grounds is entitled to costs as is any other prevailing party. Pepper v. Old Colony Trust Co., 268 Mass. 467, 167 N.E. 656 (1929); Day v. Sun Ins. Office, 40 A.D. 305, 57 N.Y.S. 1033 (1899); Lerner v. Superior Court, 38 Cal.2d 676, 242 P.2d 321 (1952) (trial court has jurisdiction to award attorney’s fees after issuance of writ of prohibition by appellate court); see also McKelvey v. Kismet Inc., 430 So.2d 919 (Fla. 3d DCA 1983) (court has jurisdiction to award costs after cause is voluntarily dismissed), pet. for review denied, 440 So. 2d 352 (Fla.1983); McBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979) (same); Brodbeck v. Gonzalez, 336 So.2d 475 (Fla. 3d DCA 1976) (same); Avistar, Inc. v. Armstrong, 497 So.2d 1267 (Fla. 3d DCA 1986) (court has jurisdiction to award attorney’s fees after cause is voluntarily dismissed); McBain, 374 So.2d at 76 (same).
*1133 In accordance with these views, the order denying Ms. Spear’s motion to tax costs, including those for the prosecution of the previous proceeding before this court, is reversed and the cause remanded for appropriate assessment of her recoverable costs.